HONORABLE OTIS M. COBB, County Judge, v. STATE, *ex rel.* FRANK L. HORNICKEL.

187 So. 151.
Opinion Filed October 14, 1938.
On Rehearing March 17, 1939.

*Fee & Liddon* and *T. B. Ellis, Jr.,* for Plaintiff in Error; *Blackwell & Walker,* for Defendant in Error.

BUFORD, J.—The writ of error brings for review judgment in prohibition entered by the Circuit Court of the Ninth Judicial Circuit of Florida directed to the Honorable Otis M. Cobb as Judge of the County Court in and for Indian River County. The Suggestion for Writ of Prohibition alleges:

"That on the 13th day of July, A. D. 1936, there was filed in the County Court, in and for Indian River County, a certain suit, (being suit No. 546 on the docket of said Court), wherein David Fee was Plaintiff and Frank L. Hornickel was defendant: That on said date the praecipe for summons and summons *ad respondendum* was filed; that this case arose out of an automobile accident between the parties hereto; that the plaintiff was and is a resident of Florida and that the defendant was and is a resident of Ohio, and that the plaintiff attempted to procure service upon the defendant, by means of a substituted service, under and by virtue of the terms and provisions of Chapter 17254, Acts of 1935; that however the plaintiff did not comply with the terms and provisions of said Chapter 17254, Acts of 1935, and did not properly perfect service upon the said defendant, and thereafter, on to-wit: On August 3, 1936, being the Rule Day to which the summons was made returnable, the defendant, by his attorneys, filed

a special appearance and motion to quash, being in words and figures as follows, (omitting formal parts) :

" 'Now comes Frank L. Hornickel,' being the defendant named in the above styled cause, by his undersigned attorneys, and appearing herein specially and solely for the purpose of making motion to quash the attempted service of summons, and the return of service, and expressly basing his motion upon his aforesaid special appearance, and without submitting himself to the jurisdiction of the Court, nor entering nor attempting to enter a general appearance, but filing this motion only for the purpose of contesting the jurisdiction of this Court, this defendant moves to quash the purported service of summons, and the return of service thereon for the following reasons:

" '1.   The alleged writ of process was not service according to law.

" '2.   The return on the alleged writ of process was not made according to law.

" '3.   It is not made to appear by the record that the defendant is within the terms and provisions of Chapter 17264, Acts of 1935.

" '4.   It does not appear that the plaintiff is a resident of the State of Florida.

" '5.   There is no proof in the record that the vehicle alleged to have been operated by the defendant was without a Florida registration or license at the time of the accident and injury complained of.

" '6.   There is no proof in the record that the defendant is a non-resident of the State of Florida.

" '7.   The allegations contained in the plaintiff's declaration are not proof of the facts therein asserted, but are merely averments which must be established by proof.

" '8.   There is no proof in the record that the defendant was a chauffeur, operator or owner of a motor vehicle

driven or operated in the State of Florida, without a Florida registration or license.

" '9. Chapter 17254, Acts of 1935, is unconstitutional and void, and in violation of the due process provision of the Fifth Amendment of the United States Constitution, and also in violation of Section 1, 14th Amendment of the Constitution of the United States, and also of Sections 1 and 12, of the Declaration of Rights, of the Constitution of the State of Florida.

" '10. Chapter 17254, Acts of 1935, is unconstitutional and void, and in violation of the equal protection provisions of Section 1, 14th Amendment of the Constitution of the United States of America.'

## "II.

"That in support of the preceding paragraph herein, the petitioner respectfully shows unto your Honors, that in Section 4274(8) of Chapter 17254, Acts of 1935, entitled 'Manner of serving process,' it is among other things set forth:

" 'Service of such process shall be made by leaving a copy of the process with a fee of two dollars in the hands of the Secretary of State, or in his office, and such service shall be sufficient service upon a defendant who has appointed the Secretary of State as his agent for the service of such process: Provided, that notice of such service and a copy of the process are forthwith sent by registered mail by the plaintiff or his attorney to the defendant, *and the defendant's return receipt and the affidavit of the plaintiff or his attorney of compliance herewith are filed with the papers in the case on or before the return day of the process or within such further time as the court may allow.'* (Underscoring ours): and the petitioner says that the defendant's return receipt and affidavit of the plaintiff or his

attorneys of compliance with the said provisions was not filed in the case on or before the return day of the process, as required by law, and that the Court did not allow the plaintiff further time in which to file the same, as is verified by the transcript of record attached hereto and made a part hereof; that the petitioner further alleges that subsequently, on to-wit, the Rule Day in September, 1936, being the 7th day thereof, and being the Rule Day following the August Rule Day to which the summons *ad respondendum* was made returnable, the plaintiff filed his declaration and another document, which he termed 'Proof of Service'; that the *ex post facto* act on the part of the plaintiff, in an apparent and belated effort to comply with the law aforesaid, by subsequently, after the Rule Day to which the summons *ad respondendum* was made returnable, filing the said document referred to as 'Proof of Service,' was of no legal significance and did not render an otherwise improper and defective service upon the defendant, valid.

### "III.

"That subsequently, on to-wit, the 5th day of October, 1936, the plaintiff filed a *praecipe* for default, and on the following day, to-wit, October 6, 1936, filed a motion for default and on the same day, a default was entered by the Court.

### "IV.

"That, thereafter, on to-wit, the 9th day of November, 1936, the plaintiff, with leave of Court, to prove up the default, and without notice to the defendant, tried this cause before a Jury and a judgment was thereupon entered against the defendant.

### "V.

"That all of the proceedings as herein alleged in paragraphs II, III, and IV, herein, took place without any no-

tice, to the defendant or his attorneys, and that as a matter of fact the first time the defendant or his attorneys had a notice or knowledge of such proceedings, was upon receipt of a letter from the plaintiff's attorneys, dated May 28, 1937, in which it was advised that a final judgment had been entered in favor of the plaintiff."

Rule *Nisi* was issued and demurrer to the petition was filed containing eight grounds, as follows:

"1. That said petition does not state sufficient grounds justifying the issuance of a Writ of Prohibition in this cause.

"2. That the said petition fails to allege or assert that this Respondent is about to, or contemplates the doing of, any act for which prohibition will lie.

"3. That the petition shows on its face that the Relator is guilty of laches.

"4. That the petition shows on its face that the Relator is estopped from seeking relief by his own neglect.

"5. That the said petition shows that the Respondent had jurisdiction of the subject matter and the parties to the cause in the inferior court.

"6. The petition shows on its face that the Relator had an adequate remedy by Writ of Error.

"7. The Petition for Prohibition failed to show that Relator is entitled to the relief prayed for.

"8. The petition shows on its face that there is a non-joinder of necessary parties respondent."

Motion to Discharge the Rule *Nisi* was filed stating eight grounds identical with those stated in the demurrer. Demurrer was overruled and denied, and the respondent allowed until October 18, 1937, to further plead. On October 16, 1937, the respondent filed his Return to the Rule *Nisi*, in which it was alleged:

## "1.

"That this cause has been brought and filed in St. Lucie County, Florida, one of the Counties of the 9th Judicial Circuit of said State, in which said Circuit, the County of Indian River is also contained; and respondent says that he, Otis M. Cobb, is now and at the time of the filing and bringing of this action, and at all of the times mentioned in the Suggestion for Writ of Prohibition herein, was, and has been, a resident of Indian River County, Florida; and that at none of the said times has he been, nor is he now, a resident of St. Lucie County, Florida; and that he is now. and that from and since January 5th, 1937, Judge of the County Court of Indian River, Florida.

"That each, all and every the matters and things in the suggestion aforesaid, and the said rule, accrued, and the cause of action herein, if any there be, accrued in Indian River County, Florida, and not in St. Lucie County, Florida.

"That this action does not involve any property in litigation in St. Lucie County, Florida; and that the process which issued in this action was served upon the respondent in Indian River County, Florida, and not in St. Lucie County, Florida.

"And the respondent claims the privilege of being sued in the County in which the respondent resides.

## "2.

"For further returns to the said rule, the respondent shows that, as it appears by the suggestion of the relator, and by the files and records of the County Court of Indian River County, Florida, there was filed in the said court, by the relator, in the cause in said suggestion referred to, a certain paper termed Special Appearance, and that the same was by the person who was the Judge of the said court

preceding the respondent, treated and found to be a general appearance therein; and that the same was and is a general appearance; and that before the time this respondent became Judge of said County Court, a final judgment was rendered in said cause, which said final judgment is unreversed and in full force and effect; and that the same has passed beyond the control of the respondent.

"3.

"For further return thereto, respondent says that he denies that he will, unless prohibited and restrained, cause execution to be levied against relator to enforce said judgment; and says that the levy thereof is not a judicial matter within the scope of the office and duties of the respondent; and respondent denies each and every other allegation in the suggestion contained not herein specifically answered."

Demurrer was filed to the Return and also Motion for Peremptory Writ notwithstanding the Return. Demurrer to the Return was sustained and respondent allowed to amend Paragraph Three of the Return. Failing to amend, Writ of Prohibition was granted and to the judgment in Prohibition writ of error was taken.

The controlling question for determination is whether or not the so-called special appearance hereinabove quoted constitutes a general appearance. If it constituted a general appearance then the fact that it was labeled a special appearance was of no consequence, and the defendant thereby submitted himself to the jurisdiction of the Court, and, having so submitted himself to the jurisdiction of the Court, he was bound to plead to the declaration by demurrer or otherwise in the next succeeding Rule Day, which he failed to do.

Ground Three of the so-called special appearance is: "It is not made to appear by the record that the defend-

ant is within the terms and provisions of Chapter 17254, Acts of 1935."

Chapter 17254, Acts of 1935, is entitled:

"An Act to Provide for the Service of Process in Civil Actions Against Non-resident Motor Vehicle Owners and Operators, for the Designation by Such Owners and Operators of the Secretary of State as their Agent for the Service of Process, for the Giving of Notice to Such Non-Resident Motor Vehicle Owners and Operators of the Institution of Suits Against Them, and Prescribing the Manner in Which Service of Process Shall be Made in Such Suit and Prescribing the Manner in Which Proof of Such Service Shall be Made, and Providing for the Payment of a Fee to be Paid to the Secretary of State for His Service in Connection Therewith and for the Repeal of all Laws, or Parts of Laws, in Conflict Herewith."

Grounds Five, Six and Seven go to the merits of the Cause of Action. That is, they constitute a challenge of the sufficiency of the record to entitle the plaintiff to maintain the suit and go beyond the challenge to the jurisdiction of the Court over the person of the defendant. Grounds Nine and Ten challenge the constitutionality of Chapter 17254, Acts of 1935.

On Motion for Default Judgment, containing three grounds as follows:

"1. That plaintiff's declaration was filed herein on the September 7, 1936 rule day; and no plea or demurrer has been filed herein by the defendant at or before October 6, 1936, rule day, as appears of file and record herein.

"2. That on August 3, 1937, defendant filed special appearance, and has filed no other paper or pleading herein.

"3. That on October 5, 1936, rule day plaintiff filed with the clerk of this court, *praecipe* for default, for failure of

the defendant to plead or demur to plaintiff's declaration at or before October 5, 1936, rule day."

The following Order was made:

"This cause came on to be heard on motion of plaintiff this date filed for default against defendant, and was heard *ex parte,* and the court having heard argument of plaintiff's attorneys thereof, and being fully advised in the premises, it is ordered that the said motion be and hereby is granted, and it is considered by the court that the defendant is in default for failure to file plea or demurrer on or before the October 5, 1936, rule day, and that plaintiff do have default judgment against defendant therefor, and default judgment is hereby rendered and entered against the said defendant because of such failure and it is further ordered that this cause do proceed *ex parte.*

"Done and Ordered this October 6, 1936."

And, thereupon, final judgment was entered.

The plaintiff-in-error has stated five questions for our consideration, but it appears to us that the controlling question is:

"Where a defendant files, what he terms, a special appearance and motion to quash the purported service of the summons and the return of service thereon in a county court, but such motion contains grounds recognizing the jurisdiction of the court over his person, can the alleged special appearance be treated, by the county court, as a general appearance?"

In Curtiss v. Albritton, 101 Fla. 853, 132 So. 677, we hold that:

"Jurisdiction of the subject-matter means the power of the court to adjudicate the class of cases to which the particular case belongs."

See also Crill v. State Road Department, 96 Fla. 110, 117 So. 795.

In Rorick v. Stillwell, 101 Fla. 4, 133 So. 609, we held: "General appearance is entered in cause by making any motion which involves merits." We also held: "Irrespective of what Defendant denominated participation in proceedings, participation will constitute general appearance as such in contemplation of law." And we also held that: "Participation in proceedings amounting to submission to Court's jurisdiction constitutes general appearance irrespective of defendant's intention and form of appearance." And we further held that: "General appearance is entered in cause by making any motion which involves merits."

In Casper v. Bonbright, 94 Fla. 1237, 115 Sou. 540, where there was a motion made to quash the service and return, it was held that the motion as made in that case involved the jurisdiction of the Court to make the order requested on the stated ground that there was no justiciable matter authorizing the obtaining of service, or in other words, no merit to the suit. In consequence of the supposed lack of merit, the action was asked to be discontinued by quashing the process. This was held to amount to a general appearance.

The ground stated in the motion in Casper v. Bonbright was:

"There is no justiciable matter authorizing the obtaining of service or other predicate laid in the facts as set forth in the bill of complaint."

The allegations found in the so-called special appearance in this case are comparable to the allegation above quoted.

In Oppenheimer v. Guckenheimer, 34 Fla. 13, 15 Sou. 670, we held that:

"Where a defendant appears specially for the purpose of presenting the question of the jurisdiction of the court over his person, he must restrict his motion to the ground of such jurisdiction and must not include therein some other

ground that recognizes the jurisdiction of the court over his person and amounts to an appearance in the case by him."

And we held that if he does so, the motion will be held to be a general appearance, notwithstanding the fact that it is made in pursuance of a special appearance.

We must hold that the so-called special appearance filed in this case amounted to a general appearance, and that, therefore, the court acquired jurisdiction of the parties. Whether or not the entry of default judgment was without error is not to be answered in prohibition proceedings. The judgment entered on such default judgment becoming absolute was and continues a binding judgment against the defendant which could not be obstructed by the writ of prohibition, although it may have been erroneously entered.

It follows that the judgment must be reversed and it is so ordered.

Reversed.

ELLIS, C. J., and WHITFIELD, TERRELL, BROWN and CHAPMAN, J. J., concur.

## ON REHEARING

PER CURIAM.—Counsel for Defendant in Error having filed a petition for rehearing, which was heretofore granted by the Court and the Court having further considered the cause after argument by Counsel for the respective parties on such rehearing granted, it is now ordered and adjudged by the Court that the judgment of reversal entered herein by the Court on October 14, 1938, be and it is hereby reaffirmed and that the judgment of the Circuit Court herein be and it is hereby reversed.

TERRELL, C. J., and WHITFIELD, BROWN, BUFORD and CHAPMAN, J. J., concur.

Judge THOMAS, disqualified.