ARTHUR V. NEWTON v. MABEL M. NEWTON BRYAN, *et vir*.

194 So. 282
Division B
Opinion Filed February 23, 1940

*John Tilden,* for Appellant;

*Baker & Thornal,* for Appellee.

CHAPMAN, J.—On August 2, 1938, Mabel M. Newton Bryan, joined by her husband J. N. Bryan, filed a verified bill of complaint in the Circuit Court of Orange County, Florida, against Arthur V. Newton, a non-resident, as defendant. The bill of complaint alleged that a final decree of divorce was entered by the Circuit Court of the Ninth Judicial Circuit of Florida dated August 12, 1937, decreeing a divorce and requiring the defendant Newton to make certain monthly payments as permanent alimony and as support money for the children of the parties, attorney's fees, and court costs, and that no payments were ever made by the defendant Newton under the terms of the decree of divorce.

The verified bill of complaint further alleged that the defendant, Arthur V. Newton, was a non-resident of the State of Florida and that he was over the age of twenty-one years and that there was no one in the State of Florida the service of a subpoena upon whom would bind the defendant; that the defendant is the owner of an undivided one-half interest in and to described real estate located in Orange County, Florida, and that the plaintiff has a lien on and

is entitled to impress a lien against said real estate for the amount found to be due and unpaid under the terms of the original divorce decree and that said real estate should be sold under an order of the court to satisfy the lien.

The bill of complaint prayed for relief, viz.: (a) an accounting of the money alleged to be due her from the defendant, in monthly payments under the terms of the final decree of divorce; (b) that any sum of money found to be due be declared to be a lien upon the real estate described in the bill of complaint situated in Orange County; (c) that the lien impressed upon the real estate so described be foreclosed and that the defendant's property be sold to satisfy the same.

The verified bill of complaint recited that Arthur V. Newton was a resident of the State of New York and his resident address as particularly as known is Stratton Road, New Rochelle, New York, but that he received mail addressed to him at 1733 Broadway, New York City.

On August 2, 1938, the Clerk of the Circuit Court of Orange County entered an order of publication, the body of which is, viz.:

"To: ARTHUR V. NEWTON, whose resident address as particularly as is known is Stratton Road, New Rochelle, New York, and whose address for the receipt of mail is 1733 Broadway, New York City, New York;

"You are hereby notified that suit has been brought against you in the Circuit Court in and for Orange County, Florida, in Chancery as above entitled, for the impressment of a lien upon your undivided one-half ($\frac{1}{2}$) interest in and to real estate situate in Orange County, Florida, to-wit: Lot Twelve (12), Block 'G,' Golf Course Section of College Park Addition to the City of Orlando, Orange County, Florida, by Mabel M. Newton Bryan, joined by her husband

and next friend, J. N. Bryan, and you are hereby required to file with the Clerk of said Court your appearance (personally or by attorney) in the said suit on the first Monday in September, A. D. 1938, being the 5th day of the month, and thereafter to file with said Clerk your written defense, if any, to the bill of complaint in said suit filed and at the time prescribed by law.

"Herein fail not or judgment will be entered against you by default.

"It is ordered that this notice be published once a week for four (4) consecutive weeks in the Orange County Chief, a newspaper published in Orange County, Florida.

"WITNESS my hand and the seal of said Court in Orlando this 2nd day of August, A. D. 1938."

The order of publication required the defendant to appear on the 5th day of September, A. D. 1938, being the first Monday of said month. The certificate as made by the Clerk, shows that the order of publication was published in the Orange County Chief once a week for four consecutive weeks prior to the date of appearance required by the order of publication. The affidavit of the publisher recites that the order was published once each week for four consecutive weekly issues.

On September 20, 1938, the defendant filed his Special Appearance, and not otherwise, to quash the process and service of process previously issued. The motion to quash is, viz.:

"The defendant, by his solicitor, undersigned, and pursuant to his Special Appearance filed herein (and not otherwise) files this his Motion to Quash the Process and Service of Process issued in this cause against him, and as grounds for said motion says:

"1.   That the service of process upon him is insufficient to, and does not, give the court jurisdiction of his person.

"2.   That there has been no process, by way of attachment or levy - of execution to bring the real property mentioned in the Bill of Complaint within the jurisdiction, or before, the court in this Action, as a basis or predicate to securing service by publication upon him.

"3.   That the court is without jurisdiction of the person or property of this defendant in this cause."

The lower court entered an order on the motion to quash, viz.:

"This cause coming on this day to be heard upon the defendant's motion to quash and the court being advised in the premises;

"IT IS HEREBY ORDERED, ADJUDGED AND DECREED, That the defendant's motion to quash be and it is hereby denied and said defendant is hereby given until the Rule Day in November, to-wit: November 7th, A. D. 1938, in which to further plead.   Defendant's exception to the above ruling is noted."

On the rule day in November, 1938, a decree pro confesso was entered by the clerk of the circuit court against the defendant, Arthur V. Newton, and thereafter testimony was taken, and on the 23rd day of November, 1938, the lower court made and entered a final decree according to the prayer of the verified bill of complaint.   An appeal has been perfected to this Court and the same is here for review.

It is contended by counsel for appellant that the relief sought by the bill of complaint based on constructive service is *in personam* and not *in rem* and for this reason the lower court was without jurisdiction to consider or determine the cause.   Counsel for the parties generally admit that the statutory requirements for service by publication have been

complied with, but counsel for appellant contends that the lower court has jurisdiction to grant relief only in actions *in rem* but not *in personam.*

It is now established that a personal judgment on constructive service on a non-resident who does not appear is contrary to due process of law, and is not valid either in the State where rendered or elsewhere, unless he can be deemed to have assented to such mode of service. This rule controls and is applicable to all kinds of constructive or substituted service by publication or personal service out of the jurisdiction in which the judgment is rendered. A judgment rendered on such service against a non-resident is effectual only as a judgment *in rem,* acting on such property as he may have within the jurisdiction. See 21 R. C. L., par. 34, pages 1290-1291; Pennoyer v. Neff, 95 U. S. 714, 24 L. Ed. 565; Baker v. Baker, 242 U. S. 394, 37 Sup. Ct. 152, 61 L. Ed. 386; McDonald v. Mabee, 243 U. S. 90, 37 Sup. Ct. 343, 61 L. Ed. 608; Mohr v. Manierre, 101 U. S. 417, 25 L. Ed. 1052; Freeman v. Alderson, 119 U. S. 185, 7 Sup. Ct. 165, 30 L. Ed. 372.

If the relief sought by the bill of complaint is one *in personam* and not *in rem* and the appellant has not submitted himself to the jurisdiction of the court by his motion to quash, then there is merit to his contenton. Our study of the bill of complaint leads to the conclusion that an accounting is sought of the defendant and a lien therefor declared on an interest in described real estate situated in Orange County and that the lien so declared be foreclosed and the real estate situated in Orange County be sold to satisfy said lien. A judgment rendered on constructive or substituted service against a non-resident is effectual as a judgment *in rem* acting on such property as the non-resident defendant may have or own situated within the jurisdiction

·of the court. See Pennoyer v. Neff, *supra;* Pana v. Bowler, 107 U. S. 529, 2 Sup. Ct. 704, 27 L. Ed. 424; Dewey v. Des Moines, 173 U. S. 193, 19 Sup. Ct. 379, 43 L. Ed. 665.

The motion to quash, while limited to a special appearance, recites "that this court *is without jurisdiction of the person or property* of this defendant." The bill of complaint alleges that the defendant owned real estate situated in Orange County and it cannot be said or lawfully asserted that the lower court was without jurisdiction of the real estate of the defendant situated within its jurisdicton, although the defendant was a non-resident. The land of the defendant was situated in Orange County and certainly the circuit court had jurisdiction of the said land so owned, and the power to adjudicate any issue connected therewith is conferred under the laws of Florida. See Curtis v. Albritton, 101 Fla. 853, 132 So. 677. When the appellant, by his motion to quash the process and service thereof and a ground of the motion challenged the jurisdiction of the court *over the property* of the non-resident defendant then situated within the jurisdiction of the court and by so doing contended that there was no justiciable cause authorizing service by publication or the further maintenance of a suit against the non-resident defendant or his property then within the court's jurisdiction, it amounted to a general appearance. See Cobb v. State *ex rel.* Hornickel, 136 Fla. 479, 187 So. 151; Taylor v. Taylor, 132 Fla. 690, 182 So. 238; Edmundson v. Edmundson, 133 Fla. 703, 182 So. 824; Casper v. Bonright, 94 Fla. 1237, 115 So. 540; Oppenheimer v. Guckenheimer, 34 Fla. 13, 15 So. 670.

We are forced to the conclusion that the special appearance filed by the non-resident defendant challenging the power of the court to exercise jurisdiction over the real estate of the defendant situated within its jurisdiction in

legal effect was a general appearance and the lower court was without error in so holding. We have given considerable study to the far-reaching question involved in this suit. The briefs of counsel are well prepared and authorities cited extensive, but we fail to find error in the record.

The order appealed from is hereby affirmed.

TERRELL, C. J., WHITFIELD, P. J., and BUFORD, J., concur.

BROWN, J., concurs specially.

Justice THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.

BROWN, J.—I concur fully in all of the foregoing well considered opinion, and in the judgment of affirmance, except that portion of the opinion which holds that the special appearance and motion to quash the service was in effect a general appearance. I am not convinced that the incorporation in the motion to quash of a denial of the court's jurisdiction over *the property* as well as the *person* of the defendant amounted to a general appearance, because, after all, the motion was specially limited to matters of jurisdiction. I fully agree, however, that the challenge to the court's jurisdiction over the property of the defendant, which was located within the territorial jurisdiction of the court was untenable and properly overruled by the court. So, whether or not it amounted to a general appearance is, as I see it, unnecessary for us to decide.