DREW, Justice.
This is an appeal from an order of the circuit court denying a motion for summary judgment based on constitutional grounds which appellants, defendants below, filed with their answer to the complaint.
The action was, in effect, one for abatement of a nuisance on real property located in this State.[1] The prayer of the complaint was in the alternative, seeking receivership in the event the defendants, nonresident owners of a small island adjacent to plaintiffs’ waterfront homes, could not be required by direct mandatory injunction to remove part or all of some thirty feet of sand and spoil materials deposited on the island by a government contractor with defendants’ consent, and otherwise to remedy the alleged nuisance existing on this property.
Constructive service, of process was effected under F.S. Chapter 48, F.S.A. Defendants’ motion for summary judgment is based on the claim that “the nature and purpose of plaintiffs’ complaint is not within the ambit of Section 48.01, F.S. ’65 [F.S.A.],” because the exercise of “jurisdiction over the person of defendants predicated upon constructive service of process for the purposes described in the complaint” would violate the due process and equal protection clauses of the federal and state constitutions and Sec. 12, Decl. of Rights, of the Florida Constitution, F.S.A.
 We think the court properly concluded that defendants were hot entitled to summary judgment upon their motion at this point in the proceedings, and did not err in permitting further proceedings in the cause upon the basis of constructive service of process under the statute. Whatever the arrangement by which the alleged nuisance was created or 'the property put in its present condition, it is clear from the record that defendants rest their summary judgment claim solely on lack of service sufficient to permit any relief on the complaint and not upon evidence controverting their ownership of the land involved. They are, on the stated issues, properly named parties defendant in an action seeking the exercise of state court jurisdiction over real property within this State.[2]
*427 Any contention at this point that constitutional limitations may he violated, because the prayer for relief is broader than that which may properly be accorded on constructive service, is simply premature.
Affirmed.
THORNAL, C. J., and THOMAS, O’CONNELL and CALDWELL, JJ., concur.
ERVIN, J., dissents with opinion.

. Cf. Barfield Instrument Corp. v. Sea View Industries, Inc., Fla.App., 102 So. 2d 740, and decisions cited.

. Restatement, Confl. of Laws, Sec. 101. 19 Am.Jur. 52.