McCAIN, Judge.
Interlocutory appeal has been taken by the plaintiffs, John T. Cooper, John H. Tai-tón, Cliff R. Freeman, F. B. Surguine, Jr., and Donald S. Evans, as the Board of County Commissioners of Orange County from an order dismissing their suit against defendants, Benjamin F. and Frances E. Gibson.
Plaintiffs brought suit to enjoin defendants from maintaining a junkyard in violation of the Comprehensive Zoning Resolution of Orange County. The action was instituted on the authority of chapter 63-1716, Laws of Florida, Special Acts, 1963,[1] which gives to plaintiffs the right to apply “to enjoin and restrain any person violating the provisions of this act, of the comprehensive plan, zoning resolution and rules and regulations adopted under this act * * Constructive service of process was had on defendants, who are nonresidents. The trial court dismissed the suit, holding that the injunctive remedy was personal and jurisdiction could not be obtained by constructive service. It is from this order that plaintiffs appeal. We affirm.
As a general proposition jurisdiction is either in rem, quasi in rem, or in personam. The former two are based on the location of property within the jurisdiction of the state while the latter is traditionally grounded upon personal service within the state. Where the defendant is a nonresident and the action is in rem or quasi in rem constructive service is authorized by chapter 49, F.S.1967 (formerly chapter 48, F.S.1965), F.S.A. In personam jurisdiction may be obtained if the nonresident is physically present in the forum state or has appointed a local agent for service of process or if he voluntarily submits to the jurisdiction of the forum state. These traditional methods of acquiring jurisdiction to render a personal judgment have been supplemented over the years by statutes which require that nonresidents engaging in certain activities within our state be amenable to personal service of process.[2] These statutes are upheld where the defendants have minimum contacts with the state under the rationale of International Shoe Company v. State of Washington, etc., 1945, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, 161 A.L.R. 1057. See State ex rel. Weber v. Register, Fla.1953, 67 So.2d 619.
In the case before us the trial court correctly concluded that the remedy contemplated by chapter 63-1716, Laws of Florida, Special Acts, 1963, was a personal one and *119 not in rem. The act purports to permit an injunction against “any person” violating zoning rules and regulations. Injunctive relief would operate directly against the person of a nonresident defendant. Chapter 63-1716 makes no attempt to establish any enforcement procedure that might be considered in rem or quasi in rem. Consequently, personal service was necessary to give the trial court jurisdiction. Newton v. Bryan, 1940, 142 Fla. 14, 194 So. 282.
Plaintiffs urge upon us the case of Van-stone v. Whitelaw, FIa.1967, 196 So.2d 425, which they contend holds that constructive service is sufficient in a suit seeking to abate a nuisance. It is true that in that case injunctive relief was sought against nonresidents and the court held that dismissal on jurisdictional grounds would have been premature. A close reading, however, reveals that the basis for the court’s decision was that it did not appear that no relief sought under the complaint could be, granted on constructive service. The court held that the suit could not be terminated merely because certain of the remedies requested might exceed the jurisdiction acquired through constructive service. Justice Ervin pointed out in dissent that injunc-tive relief is in personam and could not be awarded upon constructive service. The dissent differed from the majority only on the question of whether or not the complaint did in fact seek nonpersonal relief and, if so, whether that fact permitted a wait-and-see approach to dismissal on jurisdictional grounds. The clear inference to be drawn from the case is that had injunction been the only relief prayed for constructive service would not have sufficed.
We hold, then, that chapter 63-1716 authorizes only an injunction against the person and that such an action is in personam and cannot be maintained against a nonresident upon constructive service.
We do not intend to imply that the legislature could not establish a quasi in rem enforcement procedure for which constructive service would suffice. Neither should it be inferred that substituted personal service could not be provided for by an appropriate long arm statute nor that personal service might not have been effected under an existing long arm statute. These questions are not presented and upon them we express no opinion.
With this limitation in mind and for the reasons set forth the order appealed from is affirmed.
Affirmed.
WALDEN, C. J., and REED, J., concur.

. This court has had occasion to construe this act previously. See Ryals v. Rich, Fla.App.1967, 202 So.2d 779, in which the statute was declared invalid in certain aspects not relevant here.

. See for example sections 47.16, 47.161, 47.162, and 47.29, F.S.1965, F.S.A. It is important to note that these statutes provide methods for acquisition of personal jurisdiction of nonresidents. They do not cause in personam actions to be reclassified as in rem or quasi in rem.