RAWLS, Acting Chief Judge.
Defendant Brown, by this interlocutory appeal, questions the sufficiency of process by constructive service.
This entire controversy concerns the ownership of stock in defendant Live Oak Stone Company, a Florida corporation. At this stage of the proceedings we must accept the allegations set forth in the complaint as being true.
Live Oak Stone Company is a “closely held” corporation which during the period concerned had a maximum of three stockholders, viz.: Robert B. Shepard, Daniel Blake, and Paul A. Brown. Meetings of the stockholders and directors were held in Live Oak, Florida, September 9, 1955; in Jacksonville, Florida, March 15, 1956; Live Oak, Florida, March 19, 1959; and Live Oak, Florida, May 18, 1967. At the March 15, 1956, meeting, defendant corporation was instructed to issue plaintiff Blake an additional 1,000 shares of stock in said corporation upon receipt of his note in the sum of $11,500.00, which represented payment for the 150 shares previously issued to him and the additional 1,000 shares. Blake executed and delivered his promissory note in the requested amount on March 16, 1956, but as of March 19, 1959, the stock books still reflected outstanding stock issued as follows: Robert B. Shepard 2,300 shares; Blake 150 shares; Brown 300 shares. On the latter date, at Live Oak, Florida, it was agreed that Blake and Brown would purchase Shepard’s stock, in part by personally endorsing notes executed by the corporation in favor of Shepard in the aggregate sum of $221,000.00. On said date, Blake and Brown pledged all of their stock as security for a note executed by the corporation in favor of a third party and as security for the notes given Shepard. The other material transaction that occurred in Live Oak, Florida, on March 19, 1959, was the entering into of an agreement between Brown and Blake wherein it was agreed that “ * * * each does hereby agree with the other that stock in said corporation will be held by them equally and that any stock issued shall be issued in such manner that the parties hereto will continue to own said corporation equally.”
On May 10, 1967, at a meeting of the stockholders and Director, plaintiff Blake was denied the issuance of the 1,000 shares of stock and was denied the rights set out in the aforementioned agreement.
On May 18, 1967, Brown notified Blake that he had purchased one of the notes given Shepard in the sum of $100,000.00, and unless he received within ten days payment from Blake for the subscription price and interest due on his 150 shares, the *49 same would be offered for sale. Blake was also notified that the corporation had “withdrawn its offer” to sell him the additional 1,000 shares.
Based primarily upon the foregoing allegations, Blake brought the instant complaint seeking a temporary injunction restraining the corporation from selling the ISO shares of stock issued to plaintiff, and a determination of the rights of the parties with respect to the 1,000 shares of stock and the agreement between Blake and Brown, and other relief.
After notice, the trial court rendered the temporary injunction. Jurisdiction of appellant-defendant Brown was then sought to be procured by constructive service of process. Subsequently, Brown moved to dismiss the complaint upon the primary ground that the court lacked jurisdiction over his person in that he is a nonresident, had not been personally served, and that this suit is not a proceeding in which service by the provisions of Chapter 48, Florida Statutes, F.S.A., can be had. Brown also moved to dissolve the temporary injunction. The motion to dismiss was denied, hence this appeal.
The primary point on appeal goes to the question of jurisdiction. Appellant relies upon one case, Newton v. Bryan, 142 Fla. 14, 194 So. 282 (1940), and quotes from page 284:
“It is now established that a personal judgment on constructive service on a non resident who does not appear is contrary to due process of law, and is not valid either in the state where rendered or elsewhere, unless he can be deemed to have assented to such mode of service. This rule controls and is applicable to all kinds of constructive or substituted service by publication or personal service out of the jurisdiction in which the judgment is rendered. A judgment rendered on such service against a non resident is effectual only as a judgment in rem, acting on such property as he may have within the jurisdiction.”
Appellant concludes that the attempted constructive service of process should be quashed.
Appellee counters with the contention that the question here considered has never been decided by a reported Florida decision. It is his contention that the complaint is primarily a suit in rem and cites as the weight of authority for obtaining jurisdiction over the nonresident defendant in this manner 126 A.L.R. 670:
“And a suit to determine the ownership of or lien on stock in a domestic corporation or to enforce or adjust equitable liens in such stock is a proceeding in rem or quasi in rem, and may rest on constructive service of process. Hook v. Hoffman (1915) 16 Ariz. 540, 147 P. 722; Patterson v. Farmington Street R. Co. (1904) 76 Conn. 628, 57 A. 853; Andrews v. Guayaquil & Q. R. Co. (1905) 69 N.J.Eq. 211, 60 A. 568 (affirmed in 1906) 71 N.J.Eq. 768, 71 A. 1133); Sohege v. Singer Mfg. Co. (1907) 73 N.J.Eq. 567, 68 A. 64; Holmes v. Camp (1916) 219 N.Y. 359, 114 N.E. 841.”
After carefully reviewing the allegations of plaintiff’s complaint, we conclude that appellee’s position is well taken. We are here confronted with a closely held Florida corporation and disputes between the two sole stockholders over agreements entered into in Florida as to the delicate balance of majority ownership of this Florida corporation. The suit is a quasi in rem proceeding.
The other two points posed by appellant have been considered; however, we find the point as to dissolving the temporary injunction to be without merit, and that the remaining point concerning the certainty of the alleged contract is one which can be more properly raised and considered upon a trial of the cause.
Affirmed.
JOHNSON and SPECTOR, JJ., concur.