PER CURIAM.
Defendant-appellants take this interlocutory appeal to review the order denying their motions to quash service of process and dismiss the complaint.
On April 24, 1972 plaintiff-appellee, Industrial Guaranty Bancorp., a Florida corporation, pursuant to a vote of the shareholders, elected to dissolve and distribute its assets in cash, or in kind, to its stockholders, of which J. William Wolf and Pearl M. Wolf are registered stockholders. Plaintiff corporation subsequently began to receive demands from many strangers, named herein as defendants, contending to be owners of shares of stock registered in the names of defendant-appellants, J. William Wolf, J. W. Wolf, or Pearl M. Wolf. However, the stock transfer records of plaintiff corporation during this dissolution period did not reflect any share transfers. Plaintiff-appellee filed a petition for inter-pleader-action against the defendant-appellants seeking a determination of each defendant’s interest, and service of process was effected upon each of them by publication pursuant to Chapter 49, Florida Statutes, F.S.A., providing for constructive service. Each of the defendants filed a motion to quash the constructive service of process for lack of jurisdiction over the person of the defendant, insufficiency of service of process and for insufficiency of process on the ground that jurisdiction over the person of a defendant in an inter-pleader action requires personal service and that no personal service was effected on each defendant. In addition, each defendant moved to dismiss the complaint for failure to state a cause of action. On April 10, 1973 the court below entered an order that defendants answer the complaint and denied the above motions. This interlocutory appeal followed.
In their first point on appeal, appellants contend the court erred in failing to grant the motion of defendant-appellants to quash the constructive service of process effected upon them for insufficiency of process and insufficiency of service of process and to dismiss this action for lack of jurisdiction over the person of each defendant since interpleader is a personal action which must be commenced by personal service of process.
First, we find plaintiff-appellee’s cause of action not to be a true interpleader action even though identified as such, but rather to be closer in nature to an action for declaratory judgment and therefore personal service or process is not required. See F.S. 49.011, F.S.A. Second, a suit against non-resident stockholders to determine ownership of certain shares of stock is a quasi-in-rem proceeding, and personal jurisdiction of the defendants is not a condition precedent in order to maintain a quasi-in-rem action and prosecute it to final judgment. Brown v. Blake, Fla.App.1968, 212 So.2d 47 and Harris & Company Advertising, Inc. v. Republic of Cuba, Fla.App.1961, 127 So.2d 687.
*600 For their second point on appeal, appellants contend that the court erred in failing to grant their motion to dismiss this action for failure of the complaint to state a cause of action. We find to the contrary.
After a careful consideration of plaintiff’s complaint we conclude that the allegations contained therein are sufficient to state a cause of action and thus, the trial court was correct in refusing to grant appellants’ motion to dismiss.
Accordingly, the judgment appealed is hereby affirmed.
Affirmed.