555 So.2d 1232 (1989)
Filiherto Raul MARTIN, R.N., Appellant,
v.
Howard ULLMAN, Esquire, As Personal Representative of the Estate of Francia Perez, Deceased, Appellee.
No. 89-28.
District Court of Appeal of Florida, Third District.
October 17, 1989.
Rehearing Denied February 15, 1990.
Carey, Dwyer, Eckhart, Mason, Spring & Beckham and Pamela Beckham, Miami, for appellant.
James C. Blecke, Miami, for appellee.
Before NESBITT, LEVY and GERSTEN, JJ.
LEVY, Judge.
Appellant, the defendant in the trial court, appeals an adverse final judgment and the order denying his motion for rehearing. We affirm.
Appellant was the nurse who assisted in an abortion which proved fatal to the mother. The doctor who performed the actual abortion and the medical center where the abortion was performed were the other defendants below. As personal representative of the decedent's estate, appellee filed a complaint against these three defendants in May, 1988. The complaint contained a request for jury trial. Defaults were entered against all three defendants.
Subsequently, appellee, the plaintiff in the trial court, moved to withdraw his demand for jury trial and twice noticed the case for non-jury trial on the issue of damages. Thereafter, the court entered its order setting the case for non-jury trial. A non-jury trial was held, and both appellant and the co-defendant doctor attended and testified. A $2 million final judgment was entered against all defendants. Subsequently, appellant moved for rehearing with a supporting affidavit in which he swore that he was never personally served *1233 with process in this cause. The court denied the motion for rehearing, and this appeal was taken.
As an initial matter, we find appellant's various service of process and jurisdiction arguments to be without merit in light of sufficient record evidence disclosing appellant's active participation in the proceedings, including his presentation of testimonial evidence therein. This participation in the proceedings amounts to a general appearance, Cobb v. State ex rel. Hornickel, 134 Fla. 315, 136 Fla. 479, 187 So. 151 (1938), and thereby constitutes a waiver of any alleged defects in service or in jurisdiction. McKelvey v. McKelvey, 323 So.2d 651 (Fla. 3d DCA 1976). Clearly, appellant had submitted himself to the jurisdiction of the trial court. In addition, the issue was not timely raised.
While it is true that appellee initially requested a jury trial of all issues triable as of right, he thereafter affirmatively waived that right in writing. After the entry of the defaults, appellee filed a document entitled "Plaintiff's Motion to Withdraw Demand For Jury Trial and Plaintiff's Notice for Non-Jury Trial," wherein he specifically waived his right to jury trial. He subsequently sent two "Notices for Non-Jury Trial" to the court, advising that the case was at issue and ready to be set for trial. Each notice contained, as its first provision, a waiver of appellee's right to jury trial. The court thereafter sent out its Order setting the cause for non-jury trial. Appellee's initial specific waiver, the two notices for non-jury trial, and the court's order setting non-jury trial all reflect that copies of each of the respective documents were mailed to appellant, thereby complying with Rule 1.080(a) of the Florida Rules of Civil Procedure. Indeed, the fact that the defendants actually appeared for the trial is obviously consistent with these documents having been mailed to and received by the defendants.
Admittedly, appellee's affirmative acts of withdrawal would, alone, be insufficient to deprive appellant of his constitutional right to a jury trial, Barth v. Florida State Constructors Service, Inc., 327 So.2d 13 (Fla. 1976); Poller v. First Virginia Mortg. & Real Estate Inv. Trust, 471 So.2d 104 (Fla. 3d DCA 1985), review denied, 479 So.2d 118 (Fla. 1985); Cheek v. McGowan Electric Supply Co., 404 So.2d 834 (Fla. 1st DCA 1981), notwithstanding the entry of the default. Jayre Inc. v. Wachovia Bank and Trust Co., N.A., 420 So.2d 937 (Fla. 3d DCA 1982).
The record is replete, however, with evidence of appellant's and his co-defendants' acquiescence to the non-jury trial of the damages issue. Appellant not only appeared for and sat through what was obviously a non-jury trial on the damages issue, but also actively participated in this trial by presenting evidence without ever once raising, let alone objecting to, the fact that this matter was being tried non-jury. Accordingly, we hold that appellant's actions herein are sufficient affirmative acts to constitute a waiver of his constitutional right to a jury trial, see Loiselle v. Gladfelter, 160 So.2d 740 (Fla. 3d DCA 1964); Robinson v. Malik, 164 So.2d 19 (Fla. 3d DCA), cert. denied, 169 So.2d 386 (Fla. 1964), as well as a "consent", under Fla.R.Civ.P. 1.430(d), to appellee's withdrawal of his prior request.
As a final matter, we are not unmindful that for us to grant appellant a new trial under the facts and circumstances of this case would, in effect, grant appellant what can only be characterized as a "free ride." Should he have walked out of trial a winner, he could have gone on his way with nary a care in the world. Now that the trial has gone badly for him, as it did, he claims on appeal that he has been denied his right to a jury trial. Here, after receiving a copy of plaintiff's "Motion to Withdraw Demand for Jury Trial", two copies of plaintiff's "Notice for Non-Jury Trial", and a copy of the Court's order setting the case for a non-jury trial, the defendant appeared for trial, participated in the trial, and presented evidence in the trial, all of which occurred without the defendant ever voicing any objection or concern about the fact that the trial was non-jury. Suddenly, after an adverse verdict, the defendant objected to having a trial without a jury.
*1234 Even appellant's attack on the service of process was only raised, for the first time, after the verdict. Not only is an affirmance herein mandated by the law of this State, as discussed above, but also by common sense and basic principles of fairness. The courts of this state cannot allow parties (such as the defendant in this case) to turn trials into "heads I win, tails you lose" situations. All parties must enter a trial on an even footing.
We have considered the remaining issues raised by appellant, and find them to be without merit.
Affirmed.