813 So.2d 1057 (2002)
Walter Earl HINTON and Gale Hinton Martin, Appellants,
v.
Tyler A. GOLD, as curator of the Estate of Lorean N. Gaiter, deceased, Stanley Lerner, individually, and Thomas Scott, as sole heir of the Estate of Lorean N. Gaiter, deceased, Appellees.
No. 4D01-57.
District Court of Appeal of Florida, Fourth District.
April 17, 2002.
*1058 Arthur E. Maroney III of Hatch & Doty, P.A., Vero Beach, for appellants.
A. Margaret Hesford of A. Margaret Hesford, P.A., Margate, for Appellee-Stanley Lerner.
STONE, J.
Appellants, Gale Hinton Martin and Walter Earl Hinton, appeal an order granting a petition to quiet title in Stanley Lerner. We reverse.
Lerner contracted to purchase the subject property from Thomas Scott, the son of the deceased owner of record who died two years earlier. That contract was recorded in the public records. When Scott failed to open an estate, Lerner petitioned for, and was granted, appointment of a curator. Pursuant to a title search, the curator discovered that Scott had conveyed the property to the Hintons by quit-claim deed less than two months after the Lerner contract.
The curator then filed a petition, in the probate division of the circuit court, against the Hintons and Scott to quiet title, to declare the Hinton deed invalid, and for specific performance of the Lerner contract. Although the Hintons did not serve a responsive pleading, the curator's petition was denied, "without prejudice."
After denial of the quiet title petition, an order was entered in the probate proceeding finding that the property was homestead and had passed, as homestead, to Scott upon his mother's death.
Three months later, a second petition to quiet title was brought in the curatorship proceeding bearing the same style and case number as the earlier petition. The second petition, however, was not brought by the curator, but by the attorney ad *1059 litem who had been appointed for Scott, who could not be located. The Hintons were never served with notice of the second petition. They did, however, receive notice of a final hearing to quiet title at which they appeared in person with their attorney. When the Hintons' attorney began questioning Lerner, the only witness who testified at the hearing, the trial court ruled that the Hintons lacked standing and could not participate in the hearing because they had failed to respond to the first petition to quiet title which had been denied. We note that the hearing was held only thirteen days after the second petition was filed.
Without an opposing claim to the property, the trial judge granted the petition to quiet title in Lerner, and ordered specific performance of his contract with Scott. We conclude that the trial court's action in precluding the Hintons from participating, notwithstanding the fact that no default was entered in either proceeding, an abuse of discretion.
It is apparent that the trial court quieted title in Lerner under an assumption that there had previously been a default. Under section 65.061(4), Florida Statutes (1999), governing quieting title following a default, the court need not consider whether the party in default had a valid claim. Section 65.061(4) states, in relevant part,
if a default is entered against defendant (in which case no evidence need be taken), the court shall enter a judgment removing the alleged cloud from the title to the land and forever quieting title in plaintiff....
§ 65.061(4), Fla. Stat. (1999).
While the Hintons may have been subject to a default by failing to respond to the first petition to quiet title, there is no evidence in the record that a default was entered. We note that a notice of appearance was filed by the Hintons' counsel in the first proceeding. The court had simply denied Lerner's first petition outright, albeit without prejudice, after the appearance of the Hintons' counsel. The record is silent as to why the first petition was denied.
As we resolve this appeal on other grounds, we do not address whether the quiet title petition was properly initiated by the curator or the attorney ad litem where the property, as homestead, had passed directly to Scott. This issue was not raised in the trial court.
Absent a default, a court will not quiet title to property unless the record clearly demonstrates the right to title in the claimant and the invalidity of the contesting claim or potential claim. Atlantic Beach Improvement Corp. v. Hall, 143 Fla. 778, 197 So. 464, 466 (1940). Here, the trial judge quieted title in Lerner even though Lerner did not put forth such evidence, as the trial court proceeded as though a default had been entered against the Hintons. The partial testimony by Lerner was not sufficient to demonstrate that he possessed valid title and the Hintons did not.
Lerner maintains that, because the Hintons were served on the curator's initial petition to quiet title, there was no need to serve or give formal notice of the second petition. Lerner also asserts on appeal that the trial court, in any event, was ruling on the basis of the first petition, not the second petition, notwithstanding the court's written final order, entered months earlier, denying the first petition.
Although personal jurisdiction is not required for actions quasi in rem, such as an action to quiet title, a court obtains jurisdiction quasi in rem only after the plaintiff wishing to bring suit complies with the requirements of due process. See McDaniel v. McElvy, 91 Fla. 770, 108 So. 820, 830 (1926); T.J.K. v. N.B., 237 So.2d 592, 594 (Fla. 4th DCA 1970); Wolf v. *1060 Industrial Guaranty Bancorp., 281 So.2d 598, 599 (Fla. 3d DCA 1973).
Due process demands that the defendant be given fair notice and a reasonable opportunity to be heard before a judgment is rendered. Ryan's Furniture Exchange v. McNair, 120 Fla. 109, 162 So. 483, 487 (1935); Wyatt v. Haese, 649 So.2d 905, 907-08 (Fla. 4th DCA 1995).
We also reject the contention that the Hintons waived any due process argument by appearing at the hearing on the second petition, as their appearance became meaningless when the Hintons and their counsel were not permitted to participate. A party cannot, on the one hand, be held to have waived their objection to the form of notice by appearing, and on the other, be prevented from participating on grounds they lacked standing. Fundamental to the concept of due process is the right to be heard which assures a full hearing, the right to introduce evidence at a meaningful time and in a meaningful manner, and judicial findings based upon that evidence. Brinkley v. County of Flagler, 769 So.2d 468, 472 (Fla. 5th DCA 2000). Therefore, if the Hintons waived objections to service and notice defects by participating in the hearing without protest, such a waiver should not have stripped them of their right to defend their interest in the subject property.
The Hintons' additional arguments on appeal, that the final hearing was invalidly held less than thirty days from notice and that they were not afforded twenty days to file a responsive pleading, are moot.
We, therefore, reverse the quiet title order and remand for further proceedings.
STEVENSON, J. and CLARK, NIKKI A., Associate Judge, concur.