DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ANTHONY PRATT,**
Appellant,

v.

**DEPARTMENT OF REVENUE, CHILD SUPPORT ENFORCEMENT** and
**KIANNA SHANICE GEORGINA OMISORE,**
Appellees.

No. 4D19-3248

[April 15, 2020]

Appeal from the State of Florida, Department of Revenue; L.T. Case Nos. DOAH 19-004326-CS and CSP 2000878517.

Anthony Pratt, Fort Pierce, pro se.

Ashley Moody, Attorney General, Tallahassee, and Toni C. Bernstein, Senior Assistant Attorney General, Tallahassee, for appellee Department of Revenue.

WARNER, J.

Appellant challenges a Final Administrative Order rendered by the Department of Revenue (DOR) after a hearing before an administrative law judge. He contends that he was denied due process because he was not given notice of the final hearing. We agree and reverse, as the record shows that notice was not sent to him at his record address.

The mother of appellant's child initiated her request for child support services through DOR. The agency commenced proceedings to secure an order requiring the payment of child support by appellant. When appellant was served with the DOR's proposed final order, he confirmed his address to be the address in Fort Pierce that was used almost exclusively for appellant from the commencement of these proceedings. Appellant then requested a hearing on the proposed final order, and he confirmed his address to be the one in Fort Pierce, his original one on file. For some unknown reason, however, the order setting hearing was mailed to an address in Port St. Lucie, Florida, which address was attached to the order. On the service list of the order, it erroneously shows that the notice was

sent to "address of record;" yet only the full Port St. Lucie address is included. A request for service of process on appellant, directed to the St. Lucie County Sheriff's Office, also provided the Port St. Lucie address. There is no return of service in the file.

Appellant did not appear at the hearing, and the court entered a final order on child support. Appellant timely appealed the order, contending that he did not receive notice of the final hearing.

Due process requires the right to notice and a reasonable opportunity to be heard before judgment is rendered. *See Hinton v. Gold*, 813 So. 2d 1057, 1060 (Fla. 4th DCA 2002). Appellant states that he did not receive notice, and the record supports his contention. The notice appears to have been sent to an address which was not his address of record, even though the certificate of service erroneously referred to it as the "address of record." As further evidence that the notice was sent to the wrong address, the request for service of process which was sent to the Sheriff's Office did not use appellant's "address of record"; instead, it used this unknown Port St. Lucie address. Thus, the record does not support a presumption that the order setting the hearing was sent to the proper address. It reflects the opposite. Appellant did not receive proper notice of the final hearing, and the final order was entered without due process.

We therefore reverse the final agency order of support and remand for further proceedings.

DAMOORGIAN and KUNTZ, JJ., concur.

* * *

***Not final until disposition of timely filed motion for rehearing.***