## ORDER OF UNITED COMMERCIAL TRAVELERS OF AMERICA v. BELL et al.

(Circuit Court of Appeals, Fifth Circuit. January 10, 1911.)

No. 2,140.

APPEARANCE (§ 9*)—JUDGMENT (§ 419*)—GENERAL APPEARANCE.

The filing of a demurrer to the declaration on the merits by attorneys authorized to represent a defendant constituted a general appearance, and gave the court jurisdiction over the defendant, which was not affected by the subsequent striking of the demurrer from the files and the entering of a default by the court, so as to afford ground for enjoining the enforcement of the judgment for want of jurisdiction.

[Ed. Note.—For other cases, see Appearance, Dec. Dig. § 9;* Judgment, Cent. Dig. § 794; Dec. Dig. § 419.*]

Appeal from the Circuit Court of the United States for the Northern District of Florida.

Suit in equity by the Order of United Commercial Travelers of America against Mary Bell and others. Decree for defendants, and complainant appeals. Modified and affirmed.

Alex. St. Clair-Abrams, for appellant.

A. H. King, Alston Cockrell, and A. W. Cockrell, Jr., for appellees.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PARDEE, Circuit Judge. This is an appeal from a decree dismissing a bill in equity brought to enjoin the enforcement of a judgment rendered in the Eighth judicial circuit court in and for the county of Alachua, state of Florida. To maintain the bill it must show either (1) that the state court rendering the judgment complained of was without jurisdiction ratione materia or ratione persona; or (2) that the said judgment was obtained by fraud.

The bill shows that the state court as one of original jurisdiction had jurisdiction ratione materia. The jurisdiction ratione persona depends on the sufficiency of the service of the summons and the character of the appearance made by the defendant, the Order of United Commercial Travelers of America. The said order was an Ohio corporation, doing business in the state of Florida, and its only agent within the said state was the Jacksonville Council, No. 292, located at Jacksonville, in Duval county, state of Florida, which council, so far as this

record goes, had no other business officer known to the public than Coyne, the secretary-treasurer. The amended return of December 17, 1908, on the original summons, shows as follows:

"Received this summons on the 2d day of November, A. D. 1908, and served the same on the corporation defendant on the 5th day of November, A. D. 1908, by delivering a true copy thereof to H. F. Coyne, the secretary of the Jacksonville Council, No. 292, of the within-named defendant corporation, a business agent of said corporation residing in the county of Duval, and an agent transacting business for said corporation in said county, in the absence of the president, vice president, or other head of said corporation, or cashier, or treasurer, or secretary, or general manager of said corporation. or director of said corporation, and at the same time showing this original and explaining the contents thereof.

"R. F. Bowden, Sheriff of Duval County, Fla.,
"By Geo. W. Thomas, Deputy Sheriff."

Under the peculiar circumstances of the agency, it would seem that the service of the original summons was sufficient. Whether process of the Eighth judicial circuit court in and for Alachua county, Fla., ran outside of Alachua county and into the county of Duval, where the service was made, is a question which, in the light of the authorities cited in the briefs, we think should be answered affirmatively, but which we do not decide, because the case shows an appearance by attorneys' of the said order which in our view waives all irregularity of service.

The case shows that, after the amended return on the original summons as above given, Harwick & Jennings, attorneys for the order, etc., to wit, on December 31, 1908, entered their third limited appearance in a motion to quash the returns of service on the alias and pluries summons, but made no mention of the amended return of service then on file on the original summons. This third motion to quash was on the 22d day of January, 1908, overruled, and defendant was given until February 10, 1909, "to plead as it may be advised." On February 8, 1909, the said attorneys, Harwick & Jennings, filed and entered the following:

"In Circuit Court, Eighth Judicial Circuit, of the State of Florida, in and for Alachua County.

"Mary Bell, Plaintiff, v. The Order of United Commercial Travelers of America, a Corporation, Defendant.

"Comes now the defendant, by its attorneys, Harwick & Jennings, and demurs to each count of plaintiff's declaration, and says that each count thereof is bad in substance.

"Points of Law to be Argued.

"(1) Each of said counts fail to set up a cause of action.

"(2) Each of said counts fail to show the alleged promise to pay plaintiff the sums alleged can in any way be construed from the alleged certificate of membership.

"(3) Each of said counts fail to set up the constitution or such parts thereof as would show that the alleged certificate could in any manner be construed into a promise to pay plaintiff the alleged sums of money.

"(4) Each of said counts fail to show any consideration for the alleged promise.

"(5) Each of said counts fail to show that said gunshot wound was accidentally inflicted.                    ............., Attorney for Defendant.

"I hereby certify that in my opinion the foregoing demurrer is well founded in point of law.                    ............., Attorney for Defendant.

"State of Florida, County of Duval.

"State of Florida, County of Duval.

"Personally appeared Frank E. Jennings, who, being first duly sworn, says that he is attorney for the defendant; that there is no agent in this county on this date; that the foregoing demurrer is not interposed for purpose of delay. Frank E. Jennings.

"Sworn to and subscribed before me this 6th day of February, 1909.

"[Seal] O. E. Beerbower, Notary Public.

"Commission expires December 3, 1912."

That Harwick & Jennings were the attorneys of the order is not only not disputed, but is fully shown by the exhibits attached to the bill; the contention made by the bill being that Harwick & Jennings were not instructed to enter a general appearance, but solely to remove the case, when brought and service made, to the United States court, and that in filing the above-mentioned pleading they went beyond and outside of their authority.

It is further contended that the proceedings had thereafter, in ordering said pleading to be taken from the files, and in entering a default as though such pleading had been filed, deprived it of all effect as an appearance, so that this court ought to hold that the Order of United Commercial Travelers of America made no general appearance in the case, and that the order had no legal notice of the suit, and therefore the subsequently rendered judgment was without due process of law.

This contention is not sound. The said attorneys appeared for the defendant, and they pleaded, and the subsequent action of the court in overruling, disregarding, or striking the plea did not obliterate the appearance. After these proceedings in the state court it would be absurd to hold that the defendant had no notice of the suit, and had not submitted the sufficiency of the plaintiff's declaration to the arbitrament of the court.

In filing the alleged demurrer, the defendant may have acted under compulsion and in ignorance of its legal rights; but it had notice, and cannot complain in this court of want of due process of law, so as to give this court jurisdiction to enjoin the judgment of the state court subsequently rendered.

As to relief on the ground of fraud in obtaining the judgment in the state court, we find no allegations of specific facts showing any fraud or collusion of parties or attorneys sufficient to warrant relief. Whatever ignorance there was on the part of the plaintiff Mary Bell as to the exact extent of her rights, and whatever inexperience or neglect of instructions was shown by attorneys, singly or taken together, make no case of fraud sufficient to warrant the interference of the Circuit Court.

The decree entered below, dismissing the bill, is "without prejudice to the complainant instituting such suits or proceedings as it may desire in the state court in the state of Florida to test the allegation of the legality or sufficiency of the judgment obtained against it in the state court."

We think that this decree should be amended by striking the limitation, so as to read that the bill is dismissed "without prejudice to the complainant," and, as so amended, it should be affirmed, with costs. And it is so ordered.