THE ORDER OF UNITED COMMERCIAL TRAVELERS OF AMERICA, A CORPORATION ORGANIZED AND EXISTING UNDER THE LAWS OF OHIO, *Appellants*, v. MARY BELL, *Appellee*.

The filing of a demurrer to a declaration at law by an authorized attorney constitutes a general appearance and gives the court jurisdiction over the defendant, and when the court has

jurisdiction of the subject matter of the claim set up in the declaration and the parties, error, if any committed by the court in ruling on the pleadings, in entering a default and in admitting testimony, does not render the judgment void. The only remedy for such alleged error is by writ of error for matters appearing of record with a bill of exceptions as to matters not so appearing.

This case was decided by Division B.

Appealed from the Circuit Court for Alachua County.

The facts in the case are stated in the opinion of the court.

*Alex St. Clair-Abrams,* for Appellant;

*A. H. King* and *E. G. Baxter,* for Appellee.

HOCKER, J.—Appellant filed a bill in the Circuit Court of Alachua County, to have a judgment against it in that county in favor of appellee declared null and void, because the court did not have jurisdiction of appellant, upon the service made, because the judgment by default on which the final judgment was entered was void, because the judgment for attorneys' fees was unauthorized and void and praying for an injunction against the enforcement of said judgment.

The bill with its exhibits covers about fifty pages of the transcript, and from the view we take of the crucial and fundamental question of the jurisdiction of the Circuit Court to render the judgment complained of, it is unnecessary to state the whole bill in detail.

It appears that one Henry Moreland was a member in good standing of the appellant corporation which insured

its members against accidental injuries and death by accident, under certain circumstances and conditions; that Moreland was killed by· a gun-shot wound on the 29th July, 1908, in Alachua County, Florida. It is alleged in the declaration that the injury was effected through violent and accidental means which alone caused his death; that appellee was engaged to be married to Moreland and was the duly designated and recognized beneficiary of his policy; that the appellant was engaged in conducting a life insurance business in the State of Florida, and under the statute law of Florida, there is payable to her a reasonable sum as attorneys' fees, to-wit: $2000.00. The main fight here relates to the attorneys' fees allowed in the Circuit Court.

The bill at considerable length sets up facts which it alleges shows no service on appellant, but it seems quite clear that in contemplation of possible litigation with appellee, an attorney at law in Jacksonville in a letter from the Home Office was authorized to act for the order (appellant) in a preliminary trial of the parties charged with murdering Moreland, to get a copy of the official testimony, or to have a stenographer take the testimony, so that it could be used in case of suit against the order, and expressing the desire of the order to do anything necessary to protect the order. This letter it appears, was written in expectation of a suit by appellee at the suggestion of Mr. H. F. Coyne of Jacksonville. That this attorney was regarded by the appellant as its attorney is apparent from the fact, that it is contending here that a demurrer to the declaration, which demurrer was stricken out was properly and sufficiently signed and certified by him as its attorney in the lawsuit. Without regard to the question of service of process this authorized attorney appeared for the appellant in the lawsuit

resulting in the judgment which is attacked in this bill. The demurrer to the declaration was stricken by the court, a default entered, and subsequently the final judgment was entered, which is attacked in this bill as null and void.

The appellant took no writ of error from this judgment, but after the time had expired for suing out a writ of error, the attorney who brought this bill was employed to do what he could to protect his client, the appellant. He has made an able but we think unavailing effort at rescue. He brought an equity suit in the United States Court similar to this one, which finally resulted in an opinion and order found in 106 C. C. A. Rep. 440. It is there stated in the head-note, "The filing of a demurrer to the declaration on the merits by attorneys authorized to represent a defendant constituted a general appearance and gave the court jurisdiction over the defendant which was not affected by the subsequent striking of the demurrer from the files and the entering of a default by the court so as to afford ground for enjoining the enforcement of the judgment for want of jurisdiction."

It is contended here that the court erred not only in striking the demurrer and in entering a default but also in admitting certain evidence in proof of the allegations of the declaration. Conceding that this is so, still, as the court had jurisdiction of the parties and the subject matter of the claim set up in the declaration, error if any, in ruling on pleadings, in entering the default, in admitting testimony does not render the judgment void. The only remedy for such alleged errors appellant had was a writ of error and bill of exceptions under which proceeding this court could review such alleged errors. No fraud in obtaining this judgment is alleged. We said in Lucy v. Deas, 59 Fla. 552, 52 South Rep. 515, "that a void judg-

ment is a nullity and may be attacked collaterally, but a judgment is not void if the court as organized legally existed and had jurisdiction of the subject matter and the parties."

The bill filed by appellant was demurred to by appellee, and the demurrer being sustained, the bill was dismissed. It is from this disposition of the case the appeal was taken. We find no error in this decree, which is accordingly affirmed.

TAYLOR and PARKHILL, J. J., concur.

WHITFIELD, C. J., and SHACKLEFORD and COCKRELL, J. J., concur in the opinion.