LIVERPOOL & LONDON & GLOBE INSURANCE COMPANY, A CORPORATION, *Plaintiff in Error*, v. L. A. DUNCAN, *Defendant in Error.*

Opinion filed January 25, 1916.

Rehearing denied March 2, 1916.

When the return of the sheriff on the summons is sufficient and an appearance for the defendant is attempted to be made by an attorney not authorized to practice in the courts of the State, a default duly entered may not be vacated in the discretion of the trial court.

Writ of Error to Circuit Court, Alachua County; James T. Wills, Judge.

Judgment affirmed.

*Cockrell & Cockrell,* for Plaintiff in Error;

*Thomas W. Fielding,* for Defendant in Error.

PER CURIAM.—On July 30, 1914, L. A. Duncan, by counsel, filed a praecipe for summons in an action against the insurance company on a fire insurance policy. Summons issued the next day, and the following is the return thereon: "Received this original writ the 31st day of July, A. D. 1914, and executed same in Alachua County, Florida, 1st day of August, A. D. 1914, by delivering a true copy thereof to Mrs. E. S. Jordan, in person, a member of the firm of Jordan & Company, a business agent of the within named Liverpool & London & Globe Insurance Company, a corporation, and resident in the County of Alachua, the President, Vice-President, Cashier, Treasurer, Secretary, General Manager and Directors being absent from said county. P. G. Ramsey, Sheriff Alachua Co."

On September 7, 1914, the declaration was filed. On the same day the following document was filed by the Clerk:

"In the Circuit Court in and for Alachua County in the Eighth Judicial Circuit of Florida.

L. A. Duncan, Plaintiff<br>
v.<br>
The Liverpool & London & Globe Insurance Co., a Corporation.

No _____<br>
Appearance for Defendant.

To the Clerk of said Court:

You will please enter my appearance of record as Attorney for the Liverpool & London & Gobe Insurance Co., a corporation, defendant in the above styled cause.

J. CARTER COOK,

Attorney for Defendant.

Dated at Atlanta, Georgia, September 2nd, 1914."

On September 8, 1914, on motion of the plaintiff the Circuit Judge ordered the Clerk to enter a default judgment against the defendant, upon proof that, as the motion asserted, the person who signed the purported appearance was not authorized to practice as an attorney in the courts of this State, and there being no other appearance by the plaintiff. On the same day a default was entered by the Clerk "under the order of the court."

On October 5, 1914, pleas were filed by the defendant.

On December 15, 1914, it was "agreed by the parties through their respective attorneys of record that a jury to assess the damages in this case on default be and the same is hereby waived and this case is submitted to the Judge of said Circuit Court for Alachua County and without a jury to assess the damages."

On the same day in open court the following judgment was rendered: "This cause coming on to be heard at this Fall Term 1914 of the Circuit Court and the same being on default and both parties being present by counsel, a jury to assess the damages was waived in writing by both parties and the case submitted to the Judge without a jury whereupon the plaintiff introduced and filed in evidence the original policy of insurance. Whereof a copy is attached to the declaration and then submitted

sworn testimony of a total loss by fire of the property described in the declaration and in the said policy of insurance on the 6th day of March, 1914, and that the said property was of the cash value of $1,800.00 and that the plaintiff is entitled to interest thereon, at the rate of 8 per cent per annum since the 25th day of May, 1914, and that a reasonable fee for plaintiff's attorney is $350.00 and the said testimony being argued and submitted, the Judge of said court does find that there is due the plaintiff by the defendant the sum of $1,800.00 as principal and $80.00 interest and $350.00 as attorney's fee and the Judge does assess the damages due from the defendant to the plaintiff in the sum of $1,800.00 as principal and the sum of $80.00 as interest and the sum of $350.00 as a reasonable attorney's fee.

It is thereupon considered by the court that the plaintiff, L. A. Duncan, do have and recover of and from the defendant, the Liverpool & London & Globe Insurance Company, a corporation, the sum of eighteen hundred and eighty dollars and the sum of three hundred and fifty dollars as attorney's fee, the total being the sum of twenty-two hundred and thirty dollars and all the costs of this suit expended taxed by the Clerk of this Court, for which let execution issue."

The bill of exceptions states the court permitted the sheriff's return to be amended and also states that prior to said judgment being rendered, the judge made the following order: "This cause coming on to be heard upon motion to vacate and set aside the default judgment heretofore entered in this cause, and the matter having been argued to the court by the attorneys for the respective parties and having been submitted to the court for decision, and the court being fully advised in the

cause and in the several matters submitted: It is therefore considered by the court that the said motion to vacate and set aside the default judgment be, and the same is hereby denied. Defendant excepts. This the 4th day of December, 1914."

The grounds of the motion to vacate the default were that the default was not entered on a rule day or in term time; that an appearance for defendant was duly entered and that defendant has a meritorious defense shown by the pleas tendered.

On writ of error it is contended that the court erred in ordering a default to be entered; in allowing the sheriff's return to be amended; in refusing to vacate the default; and in rendering final judgment for plaintiff.

The return of the service of summons as first made is a sufficient showing of service to give the court jurisdiction under Section 1406 of the General Statutes, particularly in view of the provisions of Section 2758 requiring the defendant company to file an agreement that service made upon any agent or representative of the company shall be as valid and binding upon the company as if made upon the president, etc. An amendment of the return on the summons was not material. As the person who signed the purported appearance as "attorney for defendant" was not authorized to practice as an attorney in the courts of the State, there was no valid appearance entered, and the default as entered could lawfully be ordered by the court. There is nothing to indicate that the court abused a sound discretion or violated any rule of law in denying the application to vacate the default.

The final judgment does not appear to be unauthorized, and it is affirmed.

All concur, except COCKRELL, J., absent by reason of sickness.