John Hecht, Appellant, *v.* Occhipinti Realty Company, Inc., and " George " Occhipinti, the First Name " George " Being Fictitious, Said Defendant's True First Name Being Unknown to Plaintiff, Respondents.

(Consolidated Appeals.)

First Department, April 29, 1938.

*Francis Dean* of counsel [*John Collins* with him on the brief; *Henry P. Velte,* attorney], for the appellant.

*Alexander E. Rosenthal* of counsel [*Irving Segal,* attorney], for the respondents.

O'Malley, J. The order directing the clerk of the court to mark his docket so as to show that no other party defendant save the individual " George " Occhipinti had been served or appeared in the action was made after a jury had been impaneled and at a time

when the action had abated as to such individual defendant and the Statute of Limitations had run in favor of the corporate defendant, Occhipinti Realty Company, Inc.

The appellant seeks a review of this order and also an order denying his motion to vacate and remit the action to the Trial Term calendar against the corporate defendant, or in the alternative, to resettle so as to have incorporated therein a full recital of the facts upon which the order was entered.

We are of the opinion that both orders are erroneous and should be reversed. While it is true that the summons failed to include the name of the corporate defendant and mentioned only the individual defendant, it appears that the complaint clearly named the corporate defendant, and that the affidavit of the process server showed that service had been made upon it. Subsequently, an order to show cause addressed to the corporate defendant resulted in an order amending the summons so as to recite its name as a defendant. No appeal therefrom was taken.

Assuming, however, that this was insufficient to confer jurisdiction, we are of opinion that other proceedings had in the action require a holding that the corporate defendant had thereafter subjected itself to the jurisdiction of the court.

A motion was made for a bill of particulars, which was upon the affidavit of an individual described as " an officer of the defendant corporation in the above-entitled action." At this time the individual defendant had died and the action had abated as to him. The motion, therefore, must have been on behalf of the corporate defendant. Thereafter an order to show cause was obtained by plaintiff for permission to serve an amended bill. This was opposed by the attorney for the " defendant " and the motion granted and an amended bill was thereafter served. Furthermore, defendant's notice of trial set forth in the title specifically only the name of the corporate defendant, as did its demand for a jury trial. Thereafter the case was marked " ready " for the defendant, and a jury selected in which counsel for the defendant participated. It also had witnesses present in court.

These facts — all arising after the abatement of the action as to the individual codefendant — show that the corporate defendant participated " in the litigation as an actor in a genuine and substantial sense." (*Henderson* v. *Henderson*, 247 N. Y. 428.) By accepting the benefits of the order granting the motion for the bill of particulars, the corporate defendant should be estopped from assailing the general nature of its appearance and should be held to have submitted to jurisdiction. (*Henderson* v. *Henderson, supra.*)

Under the particular facts here presented, therefore, we are of the opinion that the case falls within the purview of the case cited, rather than that of *Muslusky* v. *Lehigh Valley Coal Co.* (225 N. Y. 584).

It follows, therefore, that the order of August 30, 1937, holding that no party save the individual defendant was served, or appeared in the action, should be reversed, with twenty dollars costs and disbursements, and the case remitted to the Trial Term calendar; and that the order denying the motion to vacate or resettle said order of August 30, 1937, should likewise be reversed and the motion granted to remit to and place the action on the Trial Term calendar as against the corporate defendant.

GLENNON and UNTERMYER, JJ., concur; MARTIN, P. J., and TOWNLEY, J., dissent.

Order entered August 30, 1937, reversed, with twenty dollars costs and disbursements to the appellant, and the case remitted to the Trial Term calendar. Order entered November 4, 1937, reversed and motion granted to remit to and place the action on the Trial Term calendar as against the corporate defendant. Settle order on notice.