276 So.2d 527 (1973)
John M. WOOD, Appellant,
v.
Joan WOOD, Appellee.
Nos. 72-780, 72-781.
District Court of Appeal of Florida, Third District.
May 1, 1973.
Rehearing Denied May 8, 1973.
Paul D. Burch, Vero Beach, for appellant.
Koeppel, Stark, Marks & Newark and Basil E. Dalack, Miami, for appellee.
Before BARKDULL, C.J., and PEARSON and CHARLES CARROLL, JJ.
PEARSON, Judge.
The defendant-husband has appealed an order which reaffirmed a prior judgment dissolving the marriage of the parties and made orders regarding the financial liability of the appellant. In addition, he has appealed a post-judgment order which required payment by him of the fees of *528 two court-appointed guardians ad litem for his children. The appeals have been consolidated for all appellate purposes.
We do not reach the merits of the orders involved because the court simply did not acquire "in personam" jurisdiction over the non-resident defendant. We are in agreement with the purpose of the trial judge's orders. He sought to require a husband who had left his family to more fully support the family. The appellant is employed at a good salary but is not a resident of this jurisdiction. Perhaps better legal machinery is needed. But until such machinery is provided, we are bound to follow the established law and procedure.
The appellee-wife filed a complaint for dissolution of her marriage. Appellant was served by publication and the court acquired "in rem" jurisdiction over a parcel of jointly-held real property in Dade County, Florida. The husband filed no pleadings and a final judgment of dissolution of marriage was entered. The final judgment (1) dissolved the marriage, (2) awarded the custody of the minor children to their mother, (3) restrained the appellant from harassing the appellee, (4) declared that the jointly-held residence property was henceforth held by the parties as tenants in common, (5) granted to the appellee the right to occupy the residence, (6) set the amount of child support at $400 per month, (7) set the amount of alimony payable at $400 per month, (8) adjudged that the wife was entitled to lump sum alimony in the amount of $8000, and declared a lien upon the appellant's one-half interest in the residence property in order to insure the payment of the lump sum alimony, (9) ordered the appellant to convey his interest in a Chevrolet automobile to the appellee, and (10) ordered the appellant to pay attorney's fees and costs.
In the absence of personal service or jurisdiction over a defendant, a court having jurisdiction of the plaintiff and the subject matter may dissolve a marriage and set appropriate amounts for child support and alimony. See Burkhart v. Circuit Court of Eleventh Judicial Circuit, 146 Fla. 457, 1 So.2d 872 (1941). If the court acquires jurisdiction over property subject to its order it may make that property subject to the financial relief afforded the plaintiff-wife. See Newton v. Bryan, 142 Fla. 14, 194 So. 282 (1940). The court cannot in the absence of personal service or after-acquired personal jurisdiction enforce its orders against the defendant by a money judgment upon which execution may be entered, nor can the court enforce these orders by contempt proceedings. Cf. Delves v. Delves, Fla.App. 1968, 213 So.2d 895. Therefore, the final judgment of dissolution of marriage was effective and the amounts set for alimony, child support, attorney's fees and costs were valid as a determination of the proper amounts to be paid under the circumstances. The final judgment can properly be enforced against the property over which the court has acquired "in rem" jurisdiction. The final judgment was not effective as an order directing the payment of the amounts found due.
The court recognized the limits of its jurisdiction over the defendant because when he appeared specially and moved to vacate so much of the judgment as ordered him to pay amounts beyond the value of the property over which the court had jurisdiction, the court vacated all orders and its judgment in its entirety except as to the dissolution of the marriage.
Thereafter, the appellee-wife moved to amend her complaint. The order granting the appellee's motion was improperly granted because a valid judgment of dissolution of the marriage had been entered and the time for rehearing had passed. See Batteiger v. Batteiger, Fla.App. 1959, 109 So.2d 602. The amended complaint by the wife sought garnishment upon the basis of past due amounts set as proper for child support and alimony. The appellant moved to dismiss for lack of personal service and the motion was improperly denied. An order of garnishment *529 does not appear in this record, but an answer of appellant's employer to the amended complaint entitled "Answer of Garnishee" does appear.
We hold that all orders subsequent to the entry of the final judgment were entered without jurisdiction. All orders subsequent to the date of the final judgment, July 14, 1971, are reversed. The final judgment is reestablished except insofar as it purports to order the appellant to pay sums of money. Any further proceedings to enforce the final judgment must be had only upon personal service upon the appellant, or in the alternative, may be directed to the enforcement of equitable charges against property of the defendant located within the jurisdiction of the court.
The orders appealed are affirmed in part, and reversed in part.