343 So.2d 674 (1977)
Alice H. SAHARUNI, Individually, and As Executrix of the Estate of Sooren Saharuni, Deceased, Appellant,
v.
Seda Nercession SAHARUNI, Appellee.
No. 76-1811.
District Court of Appeal of Florida, Second District.
March 16, 1977.
Richard B. Lansdale, Naples, for appellant.
Thomas R. Brown of Vega, Brown & Nichols, Naples, for appellee.
PER CURIAM.
The question herein is whether appellee-wife's motion for relief from a judgment of dissolution of marriage, filed pursuant to Fla.R.Civ.P. 1.540(b) and alleging a perjured affidavit for constructive service in commencement of the action, may be heard when filed more than one year after judgment. The trial judge answered in the affirmative and we agree.
Rule 1.540(b), supra, provides that a motion filed thereunder and predicated on fraud must be made "not more than one year after the judgment," while such a motion predicated on grounds that the "judgment ... is void" may be made "within a reasonable time." True it is that a "perjured" affidavit for constructive process is a fraud  certainly upon the court; but if, as here,[1] it also operates allegedly to deny the defendant due process "notice," no jurisdiction over the person of the defendant ever vested in the court and its judgment as to such defendant is void.[2] This principle is particularly appropriate in a marriage dissolution proceeding.
We are of the view, therefore, that the motion filed herein is properly before the court and that the interlocutory order denying appellant's motion to dismiss it should be affirmed.
AFFIRMED.
HOBSON, A.C.J., and McNULTY and OTT, JJ., concur.
NOTES
[1] The affidavit alleged that the plaintiff-husband could not find the whereabouts of the wife notwithstanding due diligence. The allegations in the motion herein not only deny this, but set forth underlying facts which, if true, affirmatively put the lie to it.
[2] See Osceola Farms Co. v. Sanchez, 238 So.2d 477 (Fla.4th DCA 1970); Craven v. J.M. Fields, Inc., 226 So.2d 407 (Fla.4th DCA 1969).