RYDER, Judge.
Mr. Beard appeals the award to his wife of the real property and certain of the personal property of the parties, the amount of permanent alimony awarded to her, and the requirement that he pay certain debts, a portion of his wife’s attorney’s fees, and court costs in connection with the dissolution of the parties’ marriage. Except with respect to the award to the wife of all personal property located in, on and around the marital home, we find no error or abuse of judicial discretion.
The wife claimed and proved a special equity in the marital home. She also sought the award of certain specified pieces of personal property — certain automobiles and an insurance policy — which she was awarded by stipulation and which are not in issue on this appeal. However, there was no plea for the personal property in and around the marital home in either the husband’s petition for dissolution or in the wife’s counterpetition. Further, there was no evidence or testimony offered regarding this property at the final hearing.
A trial court may not dispose of property belonging to the parties as an incident to a divorce in the absence of an agreement between the parties or an appropriate pleading for such relief. Helsel v. Helsel, 138 So.2d 99 (Fla. 3d DCA 1962). There being no such agreement or pleading here, that portion of the final judgment of dissolution awarding the personal property in, on and around the marital home to the wife must be reversed. In all other respects, the final judgment is affirmed.
BOARDMAN, C. J., and GRIMES, J., concur.