384 So.2d 195 (1980)
Dov GELKOP, Appellant,
v.
Jacqueline Esther GELKOP, Appellee.
Nos. 79-613, 79-1495.
District Court of Appeal of Florida, Third District.
May 20, 1980.
*197 Weinstein & Bavly and Arthur J. Morburger, Miami, for appellant.
Horton, Perse & Ginsberg and Mallory H. Horton, Miami, for appellee.
Before HUBBART and SCHWARTZ, JJ., and PEARSON, TILLMAN (Ret.), Associate Judge.
HUBBART, Judge.
This is an appeal from (a) an order of the trial court denying a motion to vacate a final judgment of marriage dissolution under Fla.R.Civ.P. 1.540, and (b) a contempt order of the trial court which enforces the child support award of the final judgment. We have jurisdiction to entertain this appeal. Fla.R.App.P. 9.130(a)(4), (5).
We are confronted on this appeal with an attack on the jurisdiction of the trial court to enter the final judgment of marriage dissolution and to subsequently enforce this final judgment with an order of contempt. For the reasons which follow, we conclude that the trial court had jurisdiction to enter the final judgment of marriage dissolution in all respects except as to certain real and personal property, lump sum alimony, and loan payment provisions, which we have determined are void for lack of jurisdiction and proper due process notice to the husband. We further conclude that the trial court had no jurisdiction to enter the contempt order. We, accordingly, reverse the orders under appeal and remand for appropriate proceedings.

I
The facts of this case are as follows. On February 16, 1978, the wife Jacqueline Esther Gelkop filed a petition for dissolution of marriage against the husband Dov Gelkop in the Circuit Court for the Eleventh Judicial Circuit of Florida. The petition, which was sworn to, alleged that the *198 wife had resided in Florida for over six months, that the parties were married to one another, that the marriage was irretrievably broken, that one child had been born of the marriage, and that the husband was not a member of the armed forces of the United States. The petition prayed that the trial court take jurisdiction of the subject matter and parties in the cause, dissolve the marriage, restore the wife's maiden name, award custody of the minor child to the wife, award temporary and permanent child support, court costs and attorneys fees to the wife, restrain the husband from threatening, harassing, annoying or communicating with the wife, and grant such other relief as may seem right and proper. No other factual allegations or prayers for relief are contained in the petition.
In a sworn affidavit attached to the petition, the wife stated that she had made a diligent search and inquiry to discover the residence of the husband and that his last known address was in Tel Aviv, Israel. A notice was subsequently published in the Jewish Floridian in Dade County, Florida, to the effect that the instant action for marriage dissolution had been filed. The clerk of the trial court in due course mailed both the petition and the notice to the husband at his Tel Aviv address. Neither the petition nor the notice of publication contained any description of any real or personal property that might be the subject of the instant marriage dissolution action. All agree that the husband was otherwise properly served with constructive process in this action pursuant to the applicable sections of Chapter 49, Florida Statutes (1979).
On March 24, 1978, the husband's Israeli counsel [Arie Molodic] who was not then and has never been admitted to practice law in Florida, sent a letter to the clerk of the circuit court which was later filed with the court. The letter contests in some detail the trial court's jurisdiction to proceed in the cause and generally denied the allegations of the petition.[1] The wife thereafter *199 moved to strike the letter on the ground that the letter was a legally deficient pleading noting that it had been filed by counsel who was not authorized to practice law in Florida. Upon proper notice and hearing, the trial court granted the motion to strike, gave the husband leave to file any proper and appropriate pleading within 20 days, and found that by virtue of the letter "jurisdiction is properly vested in this [c]ourt to determine all issues raised by the [p]etition [f]or [d]issolution filed herein." The husband did not appear personally or through counsel at this hearing and thereafter failed to file any pleadings in the cause.
On July 13, 1978, the trial court, upon proper notice, entered a final judgment of marriage dissolution after a final evidentiary hearing at which the husband did not appear. In the final judgment, the trial court ordered the marriage dissolved, upon a finding that the marriage was irretrievably broken, and restored the wife's maiden name. The final judgment also awarded the wife custody of the parties' minor child, established a visitation schedule for the husband, restrained the husband from removing the child or harassing the wife, required the husband to pay the wife child support in the amount of $250 a month until the child attained the age of eighteen, established a special equity for the wife in a certain apartment located in Israel [owned by the wife, the wife's mother, and the husband] and awarded 1/3 of the present fair market value of this apartment to the wife, ordered the husband to deliver to the wife a certain necklace which was located in Israel, ordered the husband to deliver to the wife a certain 1976 Peugeot automobile titled in the wife's name (or pay the wife the fair market value thereof), and imposed upon the husband an obligation to pay the remaining balance on a certain Jewish Agency loan. The final judgment further reserved jurisdiction as to certain other matters including attorneys fees and costs.
On November 2, 1978, the husband appeared through Florida counsel and moved the court to vacate the final judgment pursuant to Fla.R.Civ.P. 1.540 on the ground that the judgment was void for lack of jurisdiction. Attached to the motion were two affidavits, to wit: (a) an affidavit by the husband's Israeli counsel stating that he is a member of the Israeli Bar and represents the husband in pending divorce and child custody actions before an Israeli trial court, that he is not now nor has he ever been licensed to practice law in any American jurisdiction including Florida, and that he was never authorized by the husband to file a general appearance for the husband in the instant Florida marriage dissolution action, and (b) an affidavit by the director of the membership records department of the Florida Bar that the husband's Israeli counsel is not now and has never been a member of the Florida Bar. The trial court heard and denied the motion; the trial court, upon proper motion and hearing, also adjudicated the husband in contempt for failure to obey the child support provisions of the final judgment. The husband has taken an appeal from these two orders.

II
We have carefully considered the jurisdiction of the trial court to enter the final judgment of marriage dissolution and the subsequent order of contempt together with the established due process notice requirements which are essential to any constitutionally valid judgment or order. Initially, we note that a motion to vacate a final judgment lies under Fla.R.Civ.P. 1.540(b)(4) where the final judgment is void for lack of jurisdiction or proper due process notice, Saharuni v. Saharuni, 343 So.2d 674 (Fla. 2d DCA 1977); Osceola Farms Co. v. Sanchez, 238 So.2d 477 (Fla. 4th DCA 1970); 7 Moore's Federal Practice § 60.25(2) (1979); Restatement of Judgments § 8, *200 Comment c (1942); and that a contempt order is subject to reversal upon direct appeal therefrom where the trial court had no jurisdiction to enter it. Wood v. Wood, 276 So.2d 527 (Fla. 3d DCA 1973). In considering the jurisdictional and due process issues presented by this appeal, we discuss for convenience sake the various provisions of the final judgment and subsequent contempt order under four separate headings.

A
First, the final judgment of marriage dissolution dissolves the marriage between the parties, upon a finding that their marriage was irretrievably broken, and restores the wife's maiden name. The trial court clearly had in rem jurisdiction over the marriage to enter these provisions of the final judgment as the husband was properly served by constructive process in the original marriage dissolution action. Lahr v. Lahr, 337 So.2d 837 (Fla. 2d DCA 1976); § 49.011(4), Fla. Stat. (1979). Indeed, the husband concedes this issue both in his brief and on oral argument in this cause. As such, these provisions of the final judgment were validly entered.

B
The final judgment next awards custody of the parties' minor child to the wife, establishes a visitation schedule for the husband and restrains the husband from removing the child or harassing the wife. The husband contests the trial court's in rem jurisdiction to enter these child custody provisions based on the constructive service of process perfected herein because the marriage dissolution petition fails to allege that the child resided within the territorial jurisdiction of the court. We find no merit in this contention as the physical presence of the child within the territorial jurisdiction of the court, while desirable, is no longer a prerequisite to the court's jurisdiction to determine the child's custody. § 61.1308(3), Fla. Stat. (1979). The husband's reliance on Rich v. Rich, 214 So.2d 777 (Fla. 4th DCA 1968), for a contrary proposition is no longer good law. See also §§ 61.13(2)(b), 61.1302, Fla. Stat. (1979). As such, the child custody provisions of the final judgment were validly entered by the trial court as against the above attack.[2]

C
The final judgment next establishes a special equity for the wife in an apartment located in Israel [owned by the wife, the wife's mother, and the husband] and requires the payment to the wife of 1/3 of the fair market value of such apartment, orders the husband to deliver to the wife a certain necklace located in Israel, orders the husband to deliver to the wife a certain 1976 Peugeot automobile (or the payment to the wife of the fair market value thereof), and orders the husband to pay off the balance on a Jewish Agency loan. These real and personal property, lump sum alimony, and loan payment provisions of the final judgment are void for lack of jurisdiction of the trial court to enter them as well as a lack of proper due process notice to the husband.
First, it is clear that the constructive service of process effected on the husband in this cause could not confer in rem jurisdiction on the trial court to enter any of the above real and personal property provisions of the final judgment because (a) the apartment and necklace in question were located in Israel and thus were outside the territorial jurisdiction of the court; Berlanti Construction Co. v. Republic of Cuba, 145 So.2d 256 (Fla. 3d DCA 1962); and (b) the said apartment, necklace, and 1976 Peugeot automobile were not described, as required by law, in the marriage dissolution petition and the notice of publication sent to the husband. Lahr v. Lahr, 337 So.2d 837 (Fla. 2d DCA 1976); Nethery v. Nethery, 212 So.2d 10 (Fla. 1st DCA 1968); Hennig v. Hennig, 162 So.2d 288 (Fla. 3d DCA 1964).
*201 Secondly, even if the trial court had acquired in personam jurisdiction over the husband by virtue of the letter sent to the trial court by the husband's Israeli counsel, the above-stated provisions of the final judgment are still void for lack of proper due process notice to the husband because (a) the marriage dissolution petition fails to pray for: a partition of or a special equity in the jointly owned apartment, an award of the necklace and the 1976 Peugeot automobile, an award of alimony, or an order directing the husband to pay the Jewish Agency loan and, (b) the issues raised by these provisions were not tried by consent of the parties as the husband did not appear at the final hearing held in this cause. The absence of such a required prayer for relief, or such trial by consent of the parties, renders the subsequent final judgment void for lack of proper due process notice to the husband even assuming the trial court had personal jurisdiction over the parties. Sullivan v. Sullivan, 363 So.2d 393, 395 (Fla. 2d DCA 1978); Foxx v. Foxx, 357 So.2d 754 (Fla. 1st DCA 1978); Beard v. Beard, 356 So.2d 1313 (Fla. 2d DCA 1978); Rankin v. Rankin, 258 So.2d 489 (Fla. 2d DCA 1972); Coscia v. Coscia, 262 So.2d 254 (Fla. 4th DCA 1972).[3] "Even though the [s]tate has jurisdiction over the parties and even though the court is one of competency to render the judgment, a judgment by default is void if it was outside the cause of action stated in the complaint and if the defendant was not given a fair opportunity to defend against the claim on which the judgment was based." Restatement of Judgments, § 8, Comment c (1942).
Indeed, the trial court herein found in its order entered upon striking the above-stated letter that it had jurisdiction by virtue of the letter to consider only those issues raised by the petition for marriage dissolution. The instant petition for marriage dissolution in no way raised any of the issues involving the real and personal property, lump sum alimony, and loan payment provisions now under discussion, and, accordingly, the trial court's judgment as to these matters is, under any view, void for lack of proper due process notice to the husband.

D
We finally turn to those provisions of the final judgment which award child support to the wife and reserve jurisdiction as to certain matters including attorneys fees and costs. The subsequent contempt order was entered for failure of the husband to make the child support payments required by the final judgment. We conclude that the trial court had jurisdiction to enter the above-stated provisions of the final judgment, but had no jurisdiction to enter the contempt order herein.
It is the prevailing law of this state that a trial court has in rem jurisdiction in a marriage dissolution action to enter a final judgment or order awarding permanent or temporary alimony, child support, attorneys fees and costs against a respondent who had been properly served, as here, by constructive process. Burkhart v. Circuit Court of Eleventh Judicial Circuit, 146 Fla. 457, 1 So.2d 872, 874-875 (1941); Wood v. Wood, 276 So.2d 527, 528 (Fla. 3d DCA 1973); contra: Palmer v. Palmer, 353 So.2d 1271 (Fla. 1st DCA 1978). The trial court in such action may enforce such provisions of the final judgment in rem as against any property held by the respondent within the court's jurisdiction; it may not, however, enforce such provisions in personam by contempt proceedings, as here, or by the entry of a money judgment against the respondent. Peacock v. Peacock, 160 Fla. 630, 36 So.2d 206 (1948); Newton v. Bryan, 142 Fla. 14, 194 So. 282 (1940); Wood v. Wood, 276 So.2d 527 (Fla. 3d DCA 1973).
It, therefore, follows that the above-discussed provisions of the final judgment herein were validly entered as the trial court had jurisdiction to do so by virtue of the properly perfected constructive service *202 of process upon the husband. The in personam contempt order, however, cannot be jurisdictionally supported by such process and is void unless, as contended, the trial court otherwise acquired in personam jurisdiction over the husband. The resolution of this latter issue depends, in turn, on whether the letter filed by the husband's Israeli counsel, and later stricken by the trial court, constituted a general appearance of the husband sufficient to subject the husband personally to the jurisdiction of the trial court. The trial court so found; the husband contends otherwise. We agree with the husband.
It is undisputed that the letter in question was not signed by a member of the Florida Bar, or by a foreign attorney admitted pro hac vice, or by the husband as a party to this action. It could not, therefore, constitute an authorized pleading before the court under Fla.R.Civ.P. 1.030(a), (b)[4] and was, for that reason, a nullity. Nicholson Supply Co. v. First Federal Savings & Loan Ass'n., 184 So.2d 438 (Fla. 2d DCA 1966). We are unaware of any authority [and the wife, as well as the dissent herein, had cited us to none] which allows a party to make a general or special appearance before a court in this state through a person who is not authorized generally or specially to practice law in Florida. We decline to be the first court to so hold as such a result would, in effect, condone the unauthorized practice of law prohibited by Fla.Bar Inter. Rule Art. II, § 2. Under the established law, a person may only make an appearance before a Florida court through a member of the Florida Bar or through an attorney specially admitted pro hac vice or in proper person, Fla.Bar Inter.Rule Art. II, § 2; Fla. Jur.2d "Actions" 316-317 (1977), and because the husband herein did none of the above, the trial court properly struck the above-filed letter as a nullity. The husband never had any standing before the trial court and, therefore, made no appearance in the cause, general or otherwise. As such, he did not submit himself personally to the jurisdiction of the court, and the contempt order is, therefore, void for lack of jurisdiction of the trial court to enter it.

III
The order denying the husband's motion to vacate filed pursuant to Fla.R.Civ.P. 1.540 is reversed and the cause remanded to the trial court with directions to grant the motion as to all provisions of the final judgment except those provisions which dissolve the marriage between the parties, restore the wife's maiden name, award child custody and child support to the wife and reserve jurisdiction for other matters including attorneys fees and costs.[5] The order of contempt appealed from is reversed and the cause remanded to the trial court with directions to vacate such order.
Reversed and remanded.
SCHWARTZ, Judge (dissenting in part, specially concurring in part).

I
I respectfully differ with the majority concerning the effect of the letter submitted *203 by the Israeli lawyer on the husband's behalf. The court quite rightly points out that the document, filed as it was by a person not admitted to the Florida Bar, was not a valid or judicially cognizable pleading. It has mechanically applied, however, this perfectly sound principle to effect a result directly contrary to the reason for and basis of the rule. The sole consequence of the filing of a paper by a non-lawyer is to deny it any legal effect favorable to the party who has "retained" him. See Liverpool & London & Globe Ins. Co. v. Duncan, 71 Fla. 59, 70 So. 933 (1916); Nicholson Supply Co. v. First Fed. Savings and Loan, 184 So.2d 438 (Fla. 2d DCA 1966). But there is no justification or precedential support for the awesome logical leap involved in the majority's conclusion that because the letter thus gave the husband no standing affirmatively to pursue his own position, it therefore "did not [operate to] submit [him] to the jurisdiction of the court." The one thing simply has nothing to do with the other.
As we said in Lawrence v. Lawrence, 130 So.2d 639, 640 (Fla. 3d DCA 1961):
[T]he defendant voluntarily submitted himself to the jurisdiction of the court if he took a step or asked for such relief as was consistent only with the hypothesis that the court has jurisdiction of the cause and of his person. See 14 Am.Jur., Courts § 192 [e.s.]
The plain fact is that Gelkop voluntarily chose to attempt to plead  and to win  his case in the Dade County Circuit Court, a step and a position obviously consistent only with a recognition of the court's jurisdiction over him. It should make no difference, certainly not to the plaintiff-wife, that the person he selected to represent him in that endeavor was not a member of the Florida Bar. Cf. Rorick v. Stilwell, 101 Fla. 4, 133 So. 609, 615 (1931); Royal Industries, Inc. v. Birdsong, 340 So.2d 526 (Fla. 1st DCA 1976).
This conclusion is supported by analogous cases in other jurisdictions. Graves v. Nutting Truck & Caster Co., 76 Wis.2d 165, 251 N.W.2d 193 (1977) dealt with the effect of a letter written to the plaintiff's lawyer by an officer of a defendant corporation which had been improperly served with process. The court concluded that, although it was neither a formal "answer" nor a legal "appearance," the letter was sufficient indication that the corporation "deemed itself an active participant in the case" [e.s.], so as to constitute a waiver of the jurisdictional issue and subject the defendant to the in personam jurisdiction of the court. 251 N.W.2d at 195.[1] See also Hansher v. Kaishian, 79 Wis.2d 374, 255 N.W.2d 564 (1977); Roland v. W & L Motor Lines, Inc., 32 N.C. App. 288, 231 S.E.2d 685 (1977); Germanese v. Champlin, 540 S.W.2d 109 (Mo. App. 1976).
Perhaps even closer to our situation is Order of United Commercial Travelers of America v. Bell, 184 F. 298 (5th Cir.1911). In that case, after the striking of a demurrer filed by the attorney for the corporate defendant which had been intended solely as a limited appearance to effect a removal to the federal court, a default judgment was entered against the corporation. It was argued that these actions had "deprived [the demurrer] of all effect as an appearance,[2] so that ... the [defendant] has no legal notice of the suit, and therefore the subsequently rendered judgment was without due process of law." [e.s.] 184 F. at 300. In flatly rejecting this contention, the fifth circuit held, as I would in this case, that the fact that the attempted pleading was ineffective for the purposes of preserving the defendant's rights does not negate its effect as a submission to the jurisdiction of the court. At 184 F. 300, the court held
[The defendant's] contention is not sound. The said attorneys appeared for the defendant, and they pleaded, and the subsequent *204 action of the court in overruling, disregarding, or striking the plea did not obliterate the appearance. After these proceedings in the state court it would be absurd to hold that the defendant had no notice of the suit, and had not submitted the sufficiency of the plaintiff's declaration to the arbitrament of the court.

In filing the alleged demurrer, the defendant may have acted under compulsion and in ignorance of its legal rights; but it had notice, and cannot complain in this court of want of due process of law, so as to give this court jurisdiction to enjoin the judgment of the state court subsequently rendered. [e.s.]
The majority's decision on this point is in conflict with any number of a panoply of well-established rules which could be dismissed as mere legal cliches if they were not so clearly applicable to this issue and not so clearly violated by the court's conclusion. For example, it might be said that the court has permitted a doctrine  that one may not be represented by a non-lawyer  which was meant merely to be used as a shield for his opponent, to be employed instead as the client's own sword. To put it in other, perhaps hackneyed ways, Gelkop should not be permitted to benefit from his own wrong; he should not be heard to say, and should be "estopped" from saying, that the person he himself selected to forward his cause was not authorized to do so. Several cases  and there are none to the contrary  have specifically held that a client, typically a corporation, may not itself disavow the authority of a lay person to represent it. In, for example, Cohn v. Warschauer Sick Support Soc. Bnei Israel, 19 N.Y.S.2d 742, 743 (App.Div. 1940) the court succinctly held:
Where the defendant appears and defends on the merits, it cannot move to set aside a judgment in favor of the plaintiff on the ground that it was not represented by attorney. Section 236 of the Civil Practice Act [which requires a corporation to appear by an attorney] is not intended to penalize the adverse party for the corporation's improper appearance.
Similarly, it was stated in Jardine Estates v. Koppel, 24 N.J. 536, 133 A.2d 1, 3-4 (1957):
We have difficulty in subscribing to an interpretation of the rule which renders a judgment void, instead of merely voidable at the option of the opposing party, when a corporation illegally appears through its agent. There is no reason why the prevailing party should have to try the authority of the corporate representative as well as his own case. See Schifrin v. Chenille Mfg. Co., 117 F.2d 92 (2 Cir., 1941)... .
In State v. Pontery, 19 N.J. 457, 471, 117 A.2d 473, 480 (1955), we held a party `cannot beseech and request the trial court to take a certain course of action, and upon adoption by the court, take his chance on the outcome of the trial, and if unfavorable, then condemn the very procedure he sought and urged, claiming it to be error and prejudicial.' We cannot permit the plaintiff to profit from his own wrong.
Accord, Jefferson Park Realty Corp. v. Kelley Glover & Vale, 105 Ind. App. 313, 12 N.E.2d 977 (1938); Hecht v. Occhipinti Realty Co., 254 App.Div. 96, 3 N.Y.S.2d 953 (1938), aff'd 278 N.Y. 724, 17 N.E.2d 141 (1938). See generally, Annot., Propriety and Effect of Corporation's Appearance Pro Se, Through Agent Who Is Not Attorney, 19 A.L.R.3d 1073, 1087-88 (1968).

II
Insofar as the court reverses the orders below, I concur in the result only as to the interests adjudicated in the parties' real and personal property in Israel. Although I believe, as indicated supra, that the trial court acquired in personam jurisdiction over the husband as to these issues,[3] I agree that the due process violation involved in entering judgment after default upon claims as *205 to which he was not given fair notice in the pleadings[4] rendered these provisions "void" within the meaning of Fla.R.Civ.P. 1.540(b)(4). In addition to the authorities cited by the court, see Aguchak v. Montgomery Ward Co., Inc., 520 P.2d 1352 (Alaska 1974); 11 Wright and Miller, Federal Practice and Procedure § 2862 (1973), and authorities cited at note 83.
In all other respects, I would affirm both orders under review.
NOTES
[1] The letter in its entirety reads as follows:
 March 24, 1978
Richard P. Brinker, Esq.
Clerk,
Circuit and County Courts,
General Jurisdiction Division,
Room 135,
Dade County Courthouse,
73 West Flagler Street,
Miami, Florida 33130
 In re: The marriage of
 JACQUELINE ESTHER GELKOP,
 wife
 and DOV GELKOP, husband
 Action for Dissolution of Marriage
 Family Division
 Civil Action No. 78-2071 FC.

On behalf of my client Mr. Dov Gelkop, I have to respond as follows:
1. My client Dov Gelkop denies the jurisdiction of this Honorable Court to enter into the claim of Jacqueline Esther Gelkop for the following accumulative reasons:
(a) The consorts lived together in Israel and the center of their life in Israel.
(b) Their daughter Miriam Shulamit Gelkop was born in Israel.
(c) Mrs. Jacqueline Esther Gelkop fled from Israel without notifying her husband, having also taken with her the daughter Miriam Shulamit Gelkop.
2. My client filed on July 29, 1976 a claim for divorce in File 14310/1976 at the Rabbinical District Court of Tel-Aviv-Yafe, which has the jurisdiction to enter into the claim for divorce between the consorts under reference.
3. Further, Mrs. Jacqueline Gelkop and her daughter Shulamit Miriam Gelkop filed on September 12, 1976 a claim for alimony at the District Court of Tel-Aviv in Civil Status file 2899-76.
4. There was also given on March 21, 1978 a judgment by the Honorable District Court of Tel-Aviv-Yafe in Civil Status File 880/77, under which Jacqueline Gelkop is ordered to deliver the daughter Shulamit Gelkop unto the custody of the father Dov Gelkop.
5. Further, Mrs. Jacqueline Gelkop and her mother Mrs. Florence having filed in October 1977 a claim for against defendant Dov Gelkop for dissolution of communion in respect of their dwelling.
6. Notarized documents proving the above facts are attached herewith.
7. In view of all the aforesaid, you are kindly requested to reject the Plaintiff's claim, both from the factual and legal aspects.
8. Should you require any further details and/or documents in respect of all the aforesaid, please write and I'll furnish them by return of mail.
9. Re substance of the matter  my client denies all facts specified in the statement of claim.
 Very truly yours,
 /s/ A. Molodic
 Arie Molodic, Adv.
 Attorney for Dov Gelkop
Attached to the letter is a copy of what purports to be an Israeli trial court order awarding custody of the parties' minor child to the husband in a pending Israeli child custody action.
[2] We have no occasion to determine the impact of other provisions of the Uniform Child Custody Jurisdiction Act on the validity of this portion of the final judgment as same has not been raised by the husband at any stage of the proceedings herein either at the trial level or on appeal. See §§ 61.132, 61.1308, Fla. Stat. (1979).
[3] The above-cited cases in the text arose upon a direct appeal and not in a Fla.R.Civ.P. 1.540 context. They are nonetheless very much in point because, as previously noted, a denial of due process notice to a litigant renders the underlying judgment void under Fla.R.Civ.P. 1.540. Osceola Farms Co. v. Sanchez, 238 So.2d 477, 480 (Fla. 4th DCA 1970); 7 Moore's Federal Practice § 60.25(2), p. 309 (1979).
[4] Fla.R.Civ.P. 1.030(a), (b) provides as follows:

(a) Pleadings to be Signed by Attorney. Every pleading and other paper of a party represented by an attorney shall be signed by at least one attorney of record in his individual name whose address and telephone number (including area code) shall be stated and who shall be duly licensed to practice law in Florida. He may be required by order of court to vouch for his authority to represent and to give the address of such party. Except when otherwise specifically provided by these rules or an applicable statute, pleadings as such need not be verified or accompanied by affidavit. The signature of an attorney shall constitute a certificate by him that he has read the pleading or other paper; that to the best of his knowledge, information and belief there is good ground to support it and that it is not interposed for delay. If a pleading is not signed or is signed with intent to defeat the purpose of this rule, it may be stricken and the action may proceed as though the pleading or other paper had not been served.
(b) Party not Represented by Attorney to Sign. A party who has no attorney but represents himself shall sign his pleading or other paper and state his address and telephone number (including area code).
[5] Any subsequent order or judgment for attorneys fees and costs, for the reasons stated above, would only be enforceable against the husband in rem.
[1] The court was not at all concerned with whether the corporate officer was an attorney. Cf. Nicholson v. First Federal Savings & Loan, supra.
[2] The majority in this case has similarly treated the Israeli lawyer's letter as a "nullity." As in the Bell case, however, we should hold that it is a "nullity" for some, but not for all purposes.
[3] See Belsky v. Belsky, 324 So.2d 111 (Fla. 3d DCA 1975), cert. denied, 336 So.2d 1180 (Fla. 1976).
[4] Kitchens v. Kitchens, 162 So.2d 539 (Fla. 3d DCA 1964); see Pearson v. Pearson, 213 So.2d 304 (Fla. 3d DCA 1968).