SHIVERS, Judge.
The appellant/husband attacks the trial court’s jurisdiction to enter a final judgment of dissolution of marriage, awarding the appellee/wife custody of the parties’ four minor children, child support, lump sum alimony, a special equity in the husband’s retirement benefits, costs and attorney’s fees. We conclude that the awards of child custody, child support and lump sum alimony were proper. We reverse, however, the awards of special equity, costs and attorney’s fees.
The facts are as follows. The parties to this action are both Colombian Nationals who were married in Colombia in 1968, but who have lived in the United States since 1970 and in Bay County, Florida since 1978. All four of their minor children were born in the United States and lived with the parties in Bay County from 1978. On September 17, 1984, the parties separated, resulting in the husband taking the four children from the home without the wife’s consent. As of the date of the final hearing on February 28, 1985, the wife had not seen appellant or the children since September 17, 1984, and believed them to be living in Colombia.
On September 20,1984, appellee filed her first petition for dissolution of marriage but was unable to obtain personal service of process over the appellant. She then filed an amended petition, as well as an affidavit of diligent search and inquiry and a notice of action, pursuant to the constructive notice provisions of Chapter 49, Florida Statutes (1983). Both the amended petition for dissolution and the potice of action contained specific descriptions of the parties’ real apd'personal property located in Bay Cou,nty. Appellant’s attorney made a special appearance for the purpose of objecting to the court’s jurisdiction on November 6, 1984. However, appellant failed to file any defenses to the petition and, on February 28, 1985, a default was entered against him. After final hearing on the matter, the trial court entered an order dissolving the marriage and awarding the appellee child custody, child support, lump sum alimony, a special equity in appellant’s retirement funds, costs and attorney’s fees. The lump sum alimony award consisted of the husband’s interest in both real and personal property located in Bay County, Florida.
First, appellant contends that since the children were not physically present within the state of Florida after September 17, 1984, the trial court lacked jurisdiction to award their custody to appellee. We disagree. The Uniform Child Custody Jurisdiction Act, which was adopted by Florida in 1977, specifically provides that physical presence of the child within the state is not required for a determination of his custody. Section 61.1308(3), Florida Statutes (1983). *668 A court has jurisdiction to determine child custody if:
(a) This state:
1. Is the home state of the child at the time of commencement of the proceeding, or
2. Had been the child’s home state within 6 months before commencement of the proceeding and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this state.
The child’s “home state” is defined in section 61.1306 as:
the state in which the child, immediately preceding the time involved, lived with his parents, a parent, or a person acting as parent for at least 6 consecutive months or, in the case of a child less than 6 months old, the state in which the child lived from birth with any of the persons mentioned. Periods of temporary absence of any of the named persons are counted as part of the 6-month or other period.
Since it is clear from the record that Florida was the “home state” of the four minor children within six months before the commencement of the proceeding, that the children were absent from the state due to their removal by their father, and that their mother continues to live in the state, the trial court had jurisdiction under section 61.1308(1)(a)2. to award their custody to the appellee. See Feriole v. Feriole, 468 So.2d 1090, 1091 (Fla. 4th DCA 1985).
Second, appellant argues that since the trial court did not have in person-am jurisdiction over him, it lacked jurisdiction to award alimony, child support, costs and attorney’s fees to the appellee. The trial court, however, had in rem jurisdiction over the marriage. In rem jurisdiction permits a trial court to enter a final judgment of dissolution and to award alimony, child support, attorney’s fees and costs against the respondent. Enforcement of those awards, however, is limited to the property held by the respondent within the court’s jurisdiction. Gelkop v. Gelkop, 384 So.2d 195 (Fla. 3d DCA 1980). See also Walsh v. Walsh, 388 So.2d 240 (Fla. 2d DCA 1980). Section 3.40, Florida Dissolution of Marriage, Second Edition, The Florida Bar Continuing Legal Education, page 3-38. Since the respondent in this case was properly served by publication pursuant to Chapter 49, Florida Statutes, we affirm the portion of the order which awards or sets the amount of alimony and child support. We do not, however, approve of any part of the order which purports to order the appellant to pay any sum of money. Since the portion of the order relating to costs and attorney’s fees falls into the latter category, we reverse that portion. Any later attempts to enforce the award of alimony and child support must be made against appellant’s property located within the court’s jurisdiction or upon personal service on appellant. Wood v. Wood, 276 So.2d 527 (Fla. 3d DCA 1973).
Third, appellant argues that in the event the court did have jurisdiction to make an award of lump sum alimony, that he was “short-changed.” We disagree. Under the facts contained in the record, we cannot say that the trial court’s award constituted an abuse of discretion. Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980).
Last, we reverse the portion of the order awarding appellee a special equity in the appellant’s retirement benefits since the reconstructed transcript of the final hearing reflects that no evidence was presented on that issue.
Accordingly, we affirm the portion of the trial court’s order awarding child custody, lump sum alimony, and child support, and reverse the portion of the order awarding special equity, costs and attorney’s fees.
JOANOS and NIMMONS, JJ., concur.