SCHWARTZ, Chief Judge.
Although Diz, a resident of Madrid, had not been served with process despite good faith attempts by the Spanish authorities— to whom the plaintiff had given a bad address — the trial judge entered a default judgment for $248,422.66 and subsequently denied Diz’s motion to vacate it. The basis of these rulings was that a certificate of the government of Spain concerning the attempted service had not been timely filed as purportedly required by Article 15 of the Hague Service Convention. Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, T.I.A.S. No. 6638. The Article provides:
Where a writ of summons or an equivalent document had to be transmitted abroad for the purpose of service, under the provisions of the present Convention, and the defendant has not appeared, judgment shall not be given until it is established that—
(a) the document was served by a method prescribed by the internal law of the State addressed for the service of documents in domestic actions upon persons who are within its territory, or
(b) the document was actually delivered to the defendant or to his residence by another method provided for by this Convention,
and that in either of these cases the service or the delivery was effected in sufficient time to enable the defendant to defend.
Each contracting State shall be free to declare that the judge, notwithstanding the provisions of the first paragraph of this article, may give judgment even if no certificate of service or delivery has been received, if all the following conditions are fulfilled—
(a) the document was transmitted by one of the methods provided for in this Convention,
(b) a period of time of not less than six months-, considered adequate by the judge in the particular case, has elapsed since the date of the transmission of the document,
(c)no certificate of any kind has been received, even though every reasonable effort has been made to obtain it through the competent authorities of the State addressed.
For two sets of reasons, we vacate the judgment below.
I.
The attempt to serve Diz in Spain began when a corporate process server was appointed for that purpose in early May, 1991. Notwithstanding that a May 22, 1991 affidavit of a representative of that concern stated that it took up to ten months for the Spanish government to return the required certificate, on January 14, 1992, the plaintiff moved for a default stating that “[t]he Spanish authorities have been unable to perfect service ... despite all reasonable efforts.” On January 21, 1992, the lower court granted the motion and entered the default judgment now before us.
On these facts, we conclude first that the conditions of the second paragraph of Article 15, on which the appellee relies, were not satisfied in a variety of respects. Only for example, the statement in the motion for default that there had been no service must be considered a “certificate of any kind” to that effect under subpara-graph (c), with the result that no judgment could thereafter be entered. Moreover, even if a formal document of the Spanish government were arguendo required, in the light of the ten month period referred to by the process server, the eight months of non-response before the default was entered — although beyond the six-month absolute minimum — was not an “adequate” time under subparagraph (b). Cf. Silverman v. Modulgranito Iberico, S.A., No. 89-0432-0G, 1990 WL 481934, 1990 U.S. Dist. LEXIS 5264 (D.D.C. Apr. 30, 1990) (default entered when no certificate returned by Spain over eleven months after transmittal). Furthermore, there was no showing that the plaintiff made every “rea *20 sonable effort ... to obtain [the certificate]” as required by subparagraph (c). The latter conclusions are forcefully demonstrated by the fact that Diz himself actually procured an official certificate of non-service — showing that service had been attempted but failed on November 6, 1991— which was attached to an unsuccessful motion to vacate the default, filed in June, 1992. Thus, the lower court’s conclusion that the appellee had complied with Article 15 was entirely incorrect. See generally Rivers v. Stihl, Inc., 434 So.2d 766 (Ala. 1983); Service of Process Abroad; A Nuts and Bolts Guide, 122 F.R.D. 63 (1989).
II.
Second, and more important, Article 15 simply cannot be employed, as it was below, to default a defendant who is known not to have been served. The obvious purpose of the second paragraph is to permit the local court to proceed against a foreigner upon whom service has or may be presumed to have been accomplished, even though the domiciliary country has, by recalcitrance or neglect, failed to provide the documentation otherwise required by the first paragraph of the Article. See Rivers, 434 So.2d at 766; Silverman, No. 89-0432-0G, 1990 WL 481934, 1990 U.S. Dist. LEXIS at 5264 (default entered under Article 15; no indication that service had failed). It was improper and, even more, unconstitutional, however, to turn Article 15 on its head so as to permit the mere non-filing of a piece of paper to substitute for service of process and cure the fundamental, due process defect of its acknowledged absence. See Volkswagenwerk Aktiengesellschaft v. Schlunk, 486 U.S. 694, 108 S.Ct. 2104, 100 L.Ed.2d 722 (1988); Gelkop v. Gelkop, 384 So.2d 195 (Fla. 3d DCA 1980).
Accordingly, the judgment and order under review are
Reversed.